(Decided 16th November, 1893.)

---

RALPH G. PIPER *vs.* THE CAMBRIA IRON COMPANY.

*Master and Servant—Injury to Servant—Contributory negligence.*

The plaintiff, with other employés of the defendant, was required to unload a car, weigh the iron with which the car was laden upon the platform beside the car, and then put it into another car, near said platform. The floor of the car to be loaded was above the level of the platform, and was provided with a foot-board for the men to walk upon to and from the car. The floor of the car which was to be unloaded was on a level with the platform, and the space between the platform and this car was sixteen inches wide and four feet deep. There was no foot-board over this space of sixteen inches; and it was so dark that no one could see whether there was a foot-board in position at the car or not, without stooping down to examine the place where it was supposed to be. The plaintiff, supposing there was a foot-board there, without making any examination, and assuming the place to be safe, stepped into the car, and on returning with his armful of iron, fell into the open space of sixteen inches, and was injured. There was a foot-board near at hand, as also a lamp, which could have been used by the plaintiff and his companions. HELD:

That the plaintiff was the author of his own misfortune, and the defendant was not liable.

APPEAL from the Circuit Court for Alleghany County.

The case is stated in the opinion of the Court.

The cause was argued before ROBINSON, C. J., FOW-
LER, McSHERRY, and BRISCOE, J.

*J. W. S. Cochrane,* for the appellant.

*Ferdinand Williams,* (with whom was *H. S. Endsley,*
on the brief,) for the appellee.

FOWLER, J., delivered the opinion of the Court.

This is an action to recover damages alleged to have
been caused by the negligence of the appellee, the
Cambria Iron Company, which is a Pennsylvania cor-
poration, doing business in the City of Cumberland, in
this State.

The Court instructed the jury that the plaintiff had
offered no evidence legally sufficient to sustain his case,
and directed a verdict for the defendant corporation.

The propriety of this ruling is the only question in-
volved, but it will be necessary to examine all the plain-
tiff's testimony in order to determine it.

The plaintiff was an employé of the defendant, and
while engaged at work in the yard of its mill in Cum-
berland, on the 18th November, 1892, he, with three
other men, was ordered (by whom it does not appear)
to go into the mill for the purpose of unloading a car,
to weigh the iron with which the car was laden upon
the platform beside the car, and then to put it into
another car, also standing near said platform in the
mill, a short distance away. It appears that the floor
of the car to be loaded was above the level of the plat-
form, and was provided with a fall or foot-board for the
men to walk upon to and from the car. But the floor
of the car which was to be unloaded was on a level with
the platform, and the space between the platform and

Piper *vs.* Cambria Iron Company.

this car was sixteen inches wide and four feet deep. There was no foot-board over this last named space of sixteen inches—the only foot-board owned by the defendant being placed at the other car which was to be loaded with the iron after it was weighed by the appellant and his fellow-workmen. It was about four o'clock in the afternoon of a very dark day, and on the inside of the mill it was so dark that no one could see whether there was a foot-board in position at the car or not, without stooping down to examine the place where it was supposed to be. The plaintiff, supposing there was a foot-board there, without making any examination, and assuming the place to be safe, stepped into the car without injury, and while returning with an armful of iron, without looking, he stepped into the open space of sixteen inches and was injured. It was also in evidence that a foot-board is a usual and necessary appliance for loading and unloading cars, and that a lighted lamp was placed in the car immediately after the plaintiff was injured. Upon this state of facts we entirely agree with the ruling of the Court below. The case was properly taken from the jury. The burden is upon the appellant to show negligence on the part of the appellee, but he has failed. Not only so, but the evidence offered would seem to establish the conclusion, that the appellant was the author of his own misfortune. He was required, together with his companions, to take the iron out of one car, weigh it on the platform along side of the car to be unloaded, and then to place the iron in another car near by. The negligence imputed to the appellee is that it failed to provide a foot-board and put it in place, and the absence of light where the work was done. But if, as was contended, a foot-board was necessary, there was one near at hand which could have been used, and, if a light was needed, it was the duty of the appellant and his companions to have placed it there.

Piper *vs.* Cambria Iron Company.

It appears a lamp was lighted immediately after the appellant fell, and there is nothing in the record to show why it was not there, if wanted, before the work was commenced. While employers should be held to a strict performance of duty towards employés, yet the latter must be required to exercise some prudence, and to use the necessary means supplied to them to enable them to do their work in a safe and expeditious manner.

The authorities cited by the appellant have not, we think, any application to a case like this.

In *Darling vs. N. Y., P. & B. Co.*, 24 *Atl. Rep.*, 462, (17 *Rhode Island*, 708,) it was held that a "tell-tale," or structure erected above the track for the purpose of giving warning of approach to a bridge was not a safe appliance because it was not high enough, and instead of being, as it was intended, a warning of approaching danger, was itself very dangerous to an employé standing on a moving car a few inches higher than the cars in ordinary use. And the other case relied on (*Peoples' Bank vs. Morgolofski*, 75 *Md.*, 432,) was not a case in any way involving the legal relations of master and servant, and what was there said cannot be properly applied to this case.

*Judgment affirmed.*

(Decided 17th November, 1893.)