Murray et al., Appellees, *v.* Hills Cab Co., Appellee; et al., Appellant.

(No. 7149—Decided April 16, 1963.)

*Messrs. Schwartz, Guervitz & Schwartz, Mr. Richard V. Patchen, Mr. Benjamin L. Zox* and *Mr. Irwin W. Barkan,* for appellees Monia Murray and Buster Murray.

*Messrs. Sebastian, Fais & Durst,* for appellee Hills Cab Company.

*Mr. Clifford L. Rose* and *Mr. Walter J. Siemer,* for appellant.

Troop, J. This cause is here on appeal from the trial court following an entry of judgment in favor of the plaintiffs-ap-

pellees, the jury having rendered its verdict in their favor against the defendant-appellant, Safety Cabs Company, which is the trade name under which City Cab & Storage Company does business. A judgment was also entered in favor of a defendant, Hills Cab Company, following the court's direction to the jury to return a verdict in favor of that defendant and against the plaintiffs, Murray.

Defendant Safety Cabs Company filed motions for a new trial and for a judgment notwithstanding the verdict, both of which were overruled by the trial court, after which a motion to reconsider was filed, which in turn was also overruled. Defendant then perfected an appeal to this court.

One of the plaintiffs in the trial court, Monia Murray, was a passenger in the Safety Cab, operated by the driver, Davis. She was injured when the driver backed his vehicle and collided with another taxicab.

Ten assignments of error are presented by defendant-appellant, Safety Cabs Company, as the basis of this appeal. Defendant-appellant combines its discussion of the first two assignments of error. Counsel contends that the trial court was in error, first, in overruling his motions for a directed verdict made at the end of plaintiffs' case and renewed at the end of defendant's case, and, second, in overruling his motion for judgment notwithstanding the verdict. The court was in error, counsel says, because plaintiffs failed in establishing the allegation, made in the amended petition, that Safety Cabs Company was a common carrier operating a taxicab for hire by an agent, employee and servant acting within the scope of his employment.

A considerable portion of the brief of counsel for defendant-appellant is devoted to establishing the principle that at the trial the burden is upon the plaintiff to establish the agency, or master-servant relationship, and to show that at the time of the accident the agent, or servant, was acting under the authority of the one sued as principal, or master, and within the scope of his employment.

Counsel for Safety Cabs Company writes at considerable length in an attempt to establish that the rule announced in the case of *White Oak Coal Co.* v. *Rivoux, Admx.* (1913), 88 Ohio

St., 18, 46 L. R. A. (N. S.), 1091, Ann Cas. 1914C, and cases of similar vein, is controlling in the instant case. Counsel observes that the trial court overruled his motion for a directed verdict, made at the close of the plaintiffs' case, relying upon the decision in the case of *McDougall* v. *Glenn Cartage Co.* (1959), 169 Ohio St., 522, which he says is not applicable here. With that contention we agree.

The fact pattern, developed by the evidence in this case, places it in a category calling for the consideration of entirely different rules and theories. In the *McDougall case, supra*, the court considers the presumption that arises from the name, and other identifying marks, appearing on a commercial motor vehicle, operating upon the highways, as to the ownership, the capacity and scope of operation by the driver. In the instant case there is no question of ownership. Our problem arises from the fact that there was an admitted owner who disclaims responsiblity for the acts of one whom he prefers to regard as an independent contractor.

Ohio has long recognized the doctrine of apparent agency or agency by estoppel. See 2 Ohio Jurisprudence (2d), 51 *et seq.*, Section 19 *et seq.*, and page 100, Section 59. There are some attempts to distinguish an apparent agency from an agency by estoppel, but there is no essential difference. Counsel for Safety Cabs urges that we have before us a master-servant relationship but we need to recall that there is no essential difference between that relationship and that of one in which we denominate the parties as principal and agent.

The basic principle which we need to consider here is set out in 2 Corpus Juris Secundum, 1063, Section 29 (2) (b). It reads as follows:

"One who knows that another is acting as his agent or permitted another to appear as his agent, to the injury of third persons who have dealt with the apparent agent as such in good faith and in the exercise of reasonable prudence, is estopped to deny the agency."

And later in the text we find this refinement of the principle, as follows:

"* * * and it is more strictly accurate to say that liability

arises for the acts of such a so-called agent, not because there is any agency, but because the principal will not be permitted to deny it.''

Annotations in 120 A. L. R., 1351, and 131 A. L. R., 797, develop rather fully the various tests and indices to be used in identifying this kind of agency relationship with particular reference to the operation of taxicabs. In 131 A. L. R., 797, there is reference to the case of the *Association of Independent Taxi Opreators* v. *Kern, Admrx.* (1940), 78 Md., 252, 13 A. (2d), 374, reported in the same volume at page 792. It is a far-reaching case in which the court held an association of admittedly independent owners liable for injury to a pedestrian. The basis used by the court to establish the liability of the association was the insignia present on the cab which struck the pedestrian, it being one used on all cabs in the association, the fact that the cab bore the telephone number of the association, and that the association operated a garage and telephone stations.

A Hamilton County case decided in 1933, *Bethel* v. *Taxicabs of Cincinnati, Inc.*, 30 N. P. (N. S.), 425, announces the applicable rule followed in Ohio. At page 432 the court indicates that the defendant had testified that he did *not* own the automobile but that it bore his license number and that the bill of sale showed that he was its purchaser and the taxicab business was being conducted under his name. The court then says:

''Regardless of whether he was in fact the principal of the driver of this taxicab, it seems to me that it must be held that he is liable as though he were the principal. In 10 R. C. L., page 765, it is said:

'' 'If one holds out another as his agent he is estopped to repudiate the acts of such person within the scope of his ostensible authority.'

''This principle of estoppel seems to me applies equally in actions in tort as in actions on contract, * * *.''

The case of *Hudson* v. *Ohio Bus Line Co.* (1937), 56 Ohio App., 483, appears to differ from the *Bethel case, supra,* but the court at page 486 suggests a point of reconcilement, that plaintiff was not a passenger in one of the taxicabs. In the instant case plaintiff Monia Murray was a passenger in the Safety Cab.

*Luken* v. *Buckeye Parking Corp.* (1945), 77 Ohio App., 451, is another Ohio case involving agency by estoppel. The owner of a parking lot, after two years of operation, allowed the place to remain open and unattended enabling an imposter to take advantage of a customer who had regularly used the lot over the two-year period. The defendant, lot owner, argued that he should have had a directed verdict. The Appeals Court held that the issue was not as to actual authority but what was the apparent authority and that the trial court erred in submitting the case on any basis except that of apparent authority.

In the record before us it appears that taxicab No. 331 was licensed by the city of Columbus to City Cab & Storage Co., operating as Safety Cabs Company. It was painted the distinctive color of Safety Cabs and bore the name and insignia. Further, Safety Cabs operated the radio contact with the cab and following the accident the operator, Davis, called the Safety Cabs trouble man. These indicia coupled with the undisputed ownership in Safety Cabs and the obvious ability to "hire" and "fire" drivers as evidenced by a contract or lease lasting only 12 hours and renewable for similar periods, if the owner elected and the driver appeared, makes it impossible for reasonable minds to differ in this "apparent" agency situation or preferably in this agency by estoppel, sometimes called equitable estoppel, situation. The trial court did not err in finding as a matter of law that Stanley Davis, the driver, was an employee of the Safety Cabs Company.

The philosophy of the rule of law in these cases is well stated by the court in *Richmond* v. *Clinton* (1936), 144 Kan., 328, 58 P. (2d), 1116, reported and discussed in 120 A. L. R., at page 1353, as follows:

"'* * * To permit a cab company to evade liability for injuries under these circumstances would indeed be an easy way to circumvent police ordinances requiring taxicab companies to carry insurance for the protection of the general public.''

As to assignment of error numbered three, it is correct to say that the amended position of the plaintiffs recites only "a back injury involving the cervical and lumbar regions" and that there was some discussion of possible injury to a disc in the presence of the jury. If, however, the record is checked more fully and the testimony of Dr. Smith noted, at pages 149

and 158, a rather complete explanation as to the back condition appears. He describes the condition as a "prolapsed" disc and adds that such will appear only following a "disrupted ligament." There appears to have been a rather complete cross-examination of the doctor also.

Reporting on his examination of the plaintiff, Dr. Miller, at page 208 and following, appears to completely negative the possibility of a disc injury when he says "if a patient has disc trouble, ruptured disc trouble, they usually will not allow the examiner to arch their backs * * *." This statement follows his testimony to the effect that the back of the plaintiff "would allow itself to be arched to a good degree." In addition the court instructed the jury to disregard testimony of a disc injury, and reiterates, in response to comments of counsel, that he had already instructed the jury to disregard testimony "about injured spinal disc." It is difficult to see how this claimed error could have been prejudicial in the face of the record.

In support of part of his fourth assignment of error, counsel for Safety Cabs cites *DeTunno, a Minor,* v. *Shull* (1957), 166 Ohio St., 365. The syllabus points out what a jury may not "ordinarily" consider as items of damages. In connection with the use of the word, "ordinarily," it is noted that the court observed, at page 368, that "the record is silent as to the necessity and nature of his treatments, * * *." The testimony of Dr. Wyker, pages 120 *et seq.,* supports the admission of plaintiffs-appellees' Exhibit 7 into evidence.

Since the ownership of the taxicab No. 331 is never in dispute anywhere in the record the admission of plaintiffs-appellees' Exhibit 12 is in no sense prejudicial even if erroneously admitted.

As has been previously pointed out, it is the considered opinion of this court that the case of *McDougall* v. *Glenn Cartage Co.* (1959), 169 Ohio St., 522, is not controlling in the instant case. It is hardly accurate to say that the *McDougall case, supra,* furnishes plaintiffs-appellees their theory of the case since the record indicates insistence upon the estoppel theory at more than one point. In any event, since the theory of the *McDougall case* is not controlling, there is no presumption present which defendant-appellant must overcome. Defend-

ant's Exhibit 3 was, therefore, not necessary to defendant's case. The court properly found as a matter of law the agent, or servant, relationship of Davis and properly instructed the jury as to the matter of the necessity of the plaintiff proving by a preponderance the matter of the negligence of defendant and the proximate cause rule as to injuries suffered by the plaintiff. The fifth assignment of error is without foundation.

The ordinance of the city of Columbus governing taxicabs was neither pleaded nor admitted in evidence and the court's charge contains no reference to it. Both Davis and Doyle were asked questions concerning the operation of taxicabs without a license and both witnesses were advised by the court that they might answer if they knew. Such comments as were made by these witnesses were not prejudicial especially since the court refused the ordinance in evidence. The observation of the court at page 280 of the record indicates that one witness was properly instructed and admitted familiarity with the requirements of the ordinance. There was nothing prejudicial in permitting such testimony to be given.

Defendant-appellant's seventh assignment of error is concerned with matters contained in the court's charge to the jury noting objections to instructions both pre and post argument. A rule indicating the relation of special instructions to the general charge is stated in 53 Ohio Jurisprudence (2d), 15, Section 157, as follows:

"The special instructions given in writing before argument, taken in connection with the general charge of the court given after argument, constitute the law by which the jury is governed in its deliberations on the case, * * *."

Plaintiffs' requested instruction No. 4 was given by the court. It relates to Section 4511.38, Revised Code, which statute contains two paragraphs, the first of which says that "no person shall start a vehicle" which is stopped until he can do so with reasonable safety. The second paragraph directs that "before backing" the driver of a vehicle shall give ample warning and while backing exercise vigilance so that he will not "injure persons or property on the street or highway."

Plaintiffs' special instruction No. 4 contains only the second paragraph of the section. It is doubtful if that paragraph is applicable to the plaintiff who was a passenger in the cab and

not a person on the street. If the statute has any connection with this case it could be as to starting without safety as set out in the first paragraph. The special instruction also states that a violation of Section 4511.38, Revised Code, is negligence per se.

At page 296 of the record, parts of the general charge appear. The part applicable to our consideration of the special charge reads, as follows:

"A negligent act of commission consists of doing that which is forbidden by law, that is the positive provisions of law, or which violates the dictates of ordinary care and prudence, which we call the common law."

Standing alone this proposition moves in the right direction but the court then adds, as follows:

"Of course, in this case the allegation of negligence was that the defendant, Safety Cabs Company, did negligently, carelessly and improperly fail to keep a proper lookout in backing up its vehicle out into the said North High Street."

Immediately following this statement, the court quotes from both the first and second paragraphs of Section 4511.38, Revised Code.

At page 304 of the record is shown the objection of counsel for the defendant to special instruction No. 4.

In the case of *State* v. *Cross* (1956), 75 Ohio Law Abs., 275, the fourth headnote reads as follows:

"Section 4511.38, Revised Code, providing 'No person shall start a vehicle * * * which is stopped, standing, or parked until such movement can be made with reasonable safety' does not define a specific course of conduct but rather prescribes general rules and its violation does not constitute negligence per se, but merely imposes the duty of ordinary care in relation to the specific circumstances to which such section refers."

The first paragraph of the section being applicable to this case, if the section is applicable at all, and the court's finding in the *Cross case, supra*, that specifically a violation of that paragraph is not negligence per se, assignment of error seven (A) is well taken especially in view of the pronouncements of the court in *Flynn* v. *Little* (1957), 76 Ohio Law Abs., 193. Headnotes in point read as follows:

"6. It is prejudicial error for the trial court to give a requested charge before argument when the request does not contain a complete statement of the law on the question involved in the request, and contain every element belonging to the proposition.

"7. It is prejudicial error for the trial court to give a requested charge where the request does not contain a fair statement of the law on the question involved in the request."

Requested instruction No. 4 does not contain a fair statement of the law and was therefore prejudicial. It is also in conflict with the above quoted parts of the court's general charge and the presence of such conflict may well have been misleading to the jury.

Sufficient comment has already been made on assignment of error No. 7 (B), the instruction was correct. As to (C) it is enough to say that rulings of the court during the trial of a case exclude certain evidence and permit other evidence to go into the record. Such rulings have no bearing upon "the weight of the evidence" to be considered by the jury. It is correct to charge that they alone determine the "weight."

Subsection D relates to the language of the court at page 300 of the record. As a part of its general charge the court said:

"The exhibits will go with you to your jury room as will the special charges—of course, they are part of the general charge I am now giving you and you will give to them, along with all the other evidence in the case, such weight as in your opinion they merit."

Special instructions together with the general charge of the court provide the law the jury shall apply in the case before it. There is nothing for them to weigh. The jury weighs only the evidence including the exhibits admitted to evidence. That portion of the charge, above quoted, is sufficiently misleading to have been prejudicial.

At this point consideration of the balance of the assignments of error is without point, the court having concluded that the trial court was in error at two places in the charge to the jury. Those errors were sufficiently prejudicial to be conclusive.

220

The judgment of the trial court is reversed and the cause remanded for a new trial.

*Judgment reversed.*

BRYANT and DUFFEY, JJ., concur.