Jennie Botich, by Her Father and Next Friend, Leon Botich, Plaintiff-Appellant, v. P. Lorillard Co., Incorporated, a New Jersey Corporation, Defendant-Appellee, and R. S. Benka, Defendant.

Gen. No. 53,125.

First District, Second Division.

July 7, 1970.

Ralph E. Brown, of Chicago (William J. Essig, of counsel), for appellant.

Hubbard, Hubbard, O'Brien and Hall, of Chicago, for appellee.

MR. JUSTICE BURKE delivered the opinion of the court.

This action was brought to recover damages for personal injuries suffered by plaintiff, Jennie Botich, when a parked Chrysler automobile which she was entering was struck from the rear by a Chevrolet automobile owned by defendant P. Lorillard Company, hereinafter referred to as "Lorillard." R. S. Benka, the Lorillard

employee to whom the Chevrolet automobile had been assigned, was dismissed out of the case at the close of plaintiff's evidence. At the close of all the evidence, the trial court directed a verdict for Lorillard. Plaintiff appeals only from the judgment entered on January 18, 1968, in favor of Lorillard and against plaintiff. No notice of appeal has been filed from the judgment entered on January 17, 1968, in favor of R. S. Benka and against plaintiff.

At approximately 9:30 p. m., on January 8, 1962, plaintiff, her sister, and her mother were at the Evergreen Shopping Plaza in Evergreen Park. They had returned to their automobile which was parked in the Plaza parking area, and were entering the automobile when it was violently struck from the rear. Plaintiff was thrown against the windshield of the Botich automobile and suffered serious injuries.

The driver of the Chevrolet automobile which struck the Botich automobile did not stop. Mrs. Botich testified that the driver of the other automobile was a woman and that she also noted and recorded the license number of that vehicle. It was conceded at trial that the automobile involved in the collision with the Botich automobile was owned by Lorillard and was assigned to R. S. Benka, a Lorillard salesman. The identity of the woman who was operating the Lorillard vehicle at the time of the mishap was not determined. R. S. Benka did not testify at the trial.

The record reveals that in January 1962, Lorillard employed ten to twelve salesmen in the Chicago area, each of whom was assigned a company-owned automobile. Lorillard's Chicago division manager, Harry Seiler, testified with regard to the employment contract which Lorillard had entered with Benka. The contract recited in part that Benka was to use the automobile assigned to him for "strictly Company business." Seiler testified that Lorillard's regular business hours were 8:00 a. m. to

5:00 p. m. The employment contract further recited that Benka was to allow no one other than a Lorillard employee to "ride" in the vehicle assigned to him. Seiler stated that it was company policy to permit the salesmen to drive their automobiles home in the evening and to resume their use the following working morning. He also testified that, to his knowledge, no Lorillard employee used a company automobile after normal working hours.

Seiler testified that R. S. Benka was married, and that Seiler had met Benka's wife on one occasion. He further testified that it was his policy as Lorillard's Chicago division manager to meet the wives of all his salesmen.

At the close of plaintiff's case the trial court allowed a motion to dismiss R. S. Benka out of the case, on the ground that the evidence showed that the driver of the Lorillard automobile was a woman, whereas R. S. Benka was a man. At the close of all the evidence, the trial court directed the jury to find for Lorillard and against plaintiff, on the ground that the presumption of agency between Lorillard and the driver of the Lorillard vehicle involved in the mishap which was raised by plaintiff's evidence, was rebutted by the evidence introduced by the defendant during its case.

█ We are in agreement with the general proposition of law raised by plaintiff with regard to the question of agency, that a presumption of agency arises between the driver of a vehicle and the owner of that vehicle where the ownership thereof is established, and that the burden of going forward and introducing evidence then shifts to the owner to show that the driver was, in fact, not acting in the capacity of an agent at the time of the mishap. See Watt v. Yellow Cab Co., 347 Ill App 307, 312, 106 NE2d 760. The burden of proof, however, does not shift to the owner, and the effect of the presumption is to necessitate the introduction of evidence by the owner to meet the prima facie case created thereby. If the owner does not offer proof to rebut the presumption, the

235

■■■■■■■■

presumption will prevail; but where evidence is introduced which is contrary to the presumption, it ceases to operate. See McElroy v. Force, 38 Ill2d 528, 532–33, 232 NE2d 708.

In the instant case, plaintiff's evidence made out a prima facie case of agency between Lorillard and the driver of the Lorillard vehicle in that it showed that Lorillard owned the vehicle in question. It then became the burden of Lorillard to go forward with evidence showing that no such agency, in fact, existed.

Through Mr. Seiler, Lorillard's Chicago division manager, the contract of employment with Benka was entered into evidence, and Seiler also gave testimony that the vehicle involved in the mishap had been assigned to Benka. The undisputed evidence introduced by defendant was that R. S. Benka was a male; that the logical inference from Seiler's testimony was that Lorillard employed only male salesmen; that the permitted use of the Lorillard vehicle assigned to Benka was limited strictly to company business; and that, to Seiler's knowledge, no Lorillard salesmen worked after the hour of 5:00 p. m. This evidence clearly rebutted plaintiff's prima facie case of agency between the driver of the Lorillard vehicle and the Lorillard company.

Plaintiff states that there was no evidence introduced by Lorillard tending to prove the identity of the driver of the Lorillard automobile. This burden did not fall upon Lorillard. Rather, once Lorillard rebutted the presumption of agency raised by plaintiff's evidence, plaintiff was faced squarely with the burden of actually proving the agency alleged in the complaint. Prewitt v. Hall, 113 Ill App2d 198, 205, 252 NE2d 43. Since there existed no evidence which raised any issue as to the agency or the scope of employment which would require a determination on the part of the jury, the trial court was correct in directing the jury to return a verdict for

Lorillard and against plaintiff. Brill v. Davajon, 51 Ill App2d 445, 450–51, 201 NE2d 253.

The cases cited by plaintiff are distinguishable on their facts. In Hedrich v. Borden Co., 100 Ill App2d 237, 241 NE2d 546, the evidence introduced as to the relationship between the parties in question was in dispute and was therefore a matter for the jury's determination. In Horst v. Morand Bros. Beverage Co., 96 Ill App2d 68, 237 NE2d 732 there arose a question of fact as to the impeachment and the credibility of the witnesses who testified in rebuttal of the presumption of agency. See also Watt v. Yellow Cab Co., 347 Ill App 307, 106 NE2d 760; Warput v. Reading Coal Co., 250 Ill App 450.

For these reasons the judgment is affirmed.

Judgment affirmed.

McCORMICK, P. J. and LYONS, J., concur.