MARY JANE FALTYSEK, Appellee, v. HERMAN KLOEPFER, Appellant—(RONALD C. BINGHAM, Defendant.)

(No. 54630;

First District—November 30, 1971.

Baskin, Server & Miner, of Chicago, (Dennis Buyer, of counsel,) for appellant.

Joe Reiff, of Chicago, for appellee.

Mr. PRESIDING JUSTICE LEIGHTON delivered the opinion of the court:

■■ This appeal requires us to decide whether the liability of a taxicab owner for injuries caused by his vehicle depends on his contract with the driver. We hold that liability of a taxicab owner does not depend on his contract with the driver; that without regard to the contractual relation, a taxicab owner is liable for any injury caused when the vehicle is driven with his permission; and that under such circumstances, the owner is estopped from denying that the driver is his agent.

I.

In March 1964, appellant Herman Kloepfer owned four taxicabs licensed by the City of Evanston as vehicles authorized to carry passengers for hire. The city ordinances provided that "[n]o owner of a taxicab or livery cab or of a taxicab or livery cab business shall lease or rent a taxicab or livery cab" and that "[a]ll drivers, other than individual owners, of the vehicles mentioned in this chapter, shall be employed by the owner on a commission or salary basis." Evanston City Code 1957, §§43—32, 43—33.

Kloepfer belonged to the Northshore Cab Association. The association had a telephone listing and furnished its members with a radio service by which a member or the driver of his vehicle was put in touch with a person who wanted a taxicab. On each Kloepfer cab was his name, the markings of the association and its telephone number. As required by law, Kloepfer had an insurance policy that covered him and the driver. Kloepfer kept his taxicabs in a garage. Each had a meter that registered the fare charged a passenger. Kloepfer was responsible for all major taxicab repairs. The driver washed the cab he drove, maintained it and was

responsible for all minor repairs. On the day in question, Ronald C. Bingham was the driver of the taxicab involved in this case. Under the terms of an oral contract with Kloepfer, he paid Kloepfer $10 for 12 hours use of the taxicab. All the money which Bingham collected in fares was his property. During the 12-hour period for which he paid Kloepfer, Bingham was free to use the taxicab or not, as he chose. When he drove the cab, Bingham was on his own. As the driver of a taxicab owned by a member of the Northshore Cab Association, Bingham had to obey association rules. Despite this, he was not obliged to keep in touch with the association nor pick up passengers who called for a taxicab. Bingham could be discharged by Kloepfer at any time, and for any reason. Kloepfer was free to let someone else drive the taxicab in question.

On March 20, 1964, appellee Mary Jane Faltysek was injured when Kloepfer's taxicab, driven by Bingham, struck the rear of her automobile. She brought a personal injury suit against Kloepfer and Bingham. In a trial without a jury, a judgment for $6,500 was entered in her favor and against both defendants. On Kloepfer's motion, the judgment was vacated to enable the court to determine the relation between Kloepfer and Bingham with regard to the taxicab. Kloepfer testified as an adverse witness. After hearing him describe the circumstances and the terms under which he allowed Bingham to drive the taxicab, the trial judge made findings and concluded that Bingham was Kloepfer's agent. He confirmed the $6,500 judgment. A post-trial motion was made and over-ruled. Only Kloepfer pursues this appeal.

## II.

In urging reversal, appellant contends that (1), the trial judge's finding that Bingham was his agent was based, not on evidence heard in court, but on extra-judicially acquired attitudes and conceptions which denied him a fair and impartial hearing; and (2), the evidence failed to prove that Bingham was his agent.

Appellant's first contention is based on statements which the trial judge made during hearing of the post-trial motion. After his counsel had pre-sented appellant's theory, the trial judge said in part, "I know too much about the taxi business in Cook County and in other areas." Later the trial judge said, "I'm depending somewhat on my personal knowledge of the taxi business in the city of Chicago. I represented for years the Aber-nathy Taxi Association. They have extended since I've represented them, because I haven't for the past seven years, and they regard the drivers as agents and employees, every one of them." Appellant argues that these comments evidenced a personal bias against him which denied him a fair and impartial hearing. We cannot agree with the contention nor with the argument advanced to support it.

■■ Mere expression of opinion by a judge concerning a case before

him, some phase of it or some matter relating to it, in the absence of evidence which tends to establish the fact, is not ground for concluding that he is prejudiced against a party before him. (48 C.J.S. Judges (1947), §89.) While matters considered in reaching a judgment must be within the record before the court, not every departure from this rule will call for a reversal. A showing of prejudicial effect is required. (*Roth v. Roth,* 45 Ill.2d 19, 256 N.E.2d 838.) Not every comment or unguarded expression of a trial judge will support a claim of bias or prejudice. (*Johnson v. Cunningham,* 104 Ill.App.2d 406, 244 N.E.2d 205; and see *Northern Illinois Gas Company v. Wienrank,* 66 Ill.App.2d 60, 76, 213 N.E.2d 411.) In our judgment, the statements of the trial judge neither displayed prejudice toward appellant nor denied him a fair and impartial hearing.

As to the principal issue in this appeal, appellant contends that appellee did not prove Bingham was his agent. He argues that under their contract, and for a set fee, Bingham had complete control of appellant's taxicab for a 12-hour period. The fares were Bingham's property. The taxicab was his, free of appellant's control. Bingham, according to appellee's evidence, was free to use the taxicab as he wished. Thus, appellant argues that Bingham was not his agent, but rather an independent contractor.

Appellant relies on *Dean v. Ketter,* 328 Ill.App. 206, 65 N.E.2d 572, which, on facts almost identical with the case at bar, decided that the driver of a taxicab was not the agent of the owner. He was an independent contractor. Appellant insists that this 1946 decision of the appellate court for the second district controls the issue in this appeal. Appellee, however, argues that *Dean v. Ketter* is distinguishable from the case before us because the taxicab owner in *Dean* was not restricted by ordinance provisions like those in the Evanston City Code 1957, §§43—32 and 43—33. Moreover, appellee argues, the driver of the taxicab in Dean was not bound to obey the rules of the Northshore Cab Association as was Bingham in this case.

■■ We conclude that *Dean v. Ketter* does not control the issue presented for our decision. *Dean* was decided when the Motor Vehicle Law, Ill. Rev. Stat. 1945, ch. 95½, par. 59 (1), provided that the bond for operation of a vehicle used in transporting passengers for hire had to secure any person injured "[f]rom the negligence of such owner or his agent, in the operation of such motor vehicle." In 1951, after the decision in *Dean,* this statute was amended to provide that the bond secure any person injured "[f]rom the negligence of such owner, his agent or any person operating the vehicle with his express or implied consent * * *." (Ill. Rev. Stat. 1953, ch. 95½, par. 59(1).) In 1957 the statute was amended again and became section 8—109 of the Motor Vehicle Law,

12

which now requires that every person who operates a motor vehicle in transporting passengers for hire have a policy of insurance which "[s]hall provide for payment and satisfaction of any judgment * * * against the owner or any person operating said motor vehicle with the owner's express or implied consent for such injury * * *." (Ill. Rev. Stat. 1963, ch. 95½, par. 8—109.) Therefore, these amendments manifest a legislative intent that as to a motor vehicle used in transporting passengers for hire, the owner shall insure himself and any person who operates the vehicle with his express or implied permission against any injury negligently caused a member of the public.

■■ Appellant's contention that the evidence did not prove Bingham was his agent lays stress on the contract with the driver of his taxicab. Thus, in effect, appellant insists that he can obtain and enjoy the benefits of a license to carry passengers for hire and contract away the liability and responsibility the law imposes on him. This the appellant should not be allowed to do. From appellant's testimony as an adverse witness, it was proved that he was the licensed owner of the taxicab which injured the appellee; and that the vehicle was being driven by Bingham with appellant's consent. Under these circumstances, appellant is estopped from denying that Bingham was his agent. (See *Rhone v. Try Me Cab Co.* (1933), 62 App.D.C. 201, 65 F.2d 834; *Murray v. Hills Cab Co.* (1963), 119 Ohio App. 211, 198 N.E.2d 466; Anno. 8 A.L.R.3d 818, 828-830 (1966).) Therefore, the findings and conclusion of the trial judge were correct. The judgment is affirmed.

Judgment affirmed.

SCHWARTZ and STAMOS, JJ., concur.