DONALD DeLEONARDIS *et al.*, Plaintiffs-Appellants, v. CHECKER TAXI COMPANY, Defendant-Appellee (Abdul Shaikh *et al.*, Defendants).

First District (6th Division) No. 1—88—2022

Opinion filed September 15, 1989.—Rehearing denied October 23, 1989.

Pitler & Mandell, of Chicago, for appellant Donald DeLeonardis.

John W. Lally, of Chicago, for appellant S & S Automotive, Inc.

Jesmer & Harris, of Chicago (Allen L. Wiederer, of counsel), for appellee.

JUSTICE LaPORTA delivered the opinion of the court:

Plaintiffs S & S Automotive (S & S) and Donald DeLeonardis (DeLeonardis) appeal from the trial court's order granting summary judgment in favor of defendant Checker Taxi Company (Checker). Plaintiffs argue that the trial court erred in granting summary judgment because Checker's affidavits in support of the motion did not rebut the presumption that the driver of the taxicab which injured plaintiffs was Checker's agent. Plaintiffs also argue that a common carrier cannot evade responsibility for damages caused by vehicles bearing its medallion.

For an understanding of the issues here addressed, a brief history of this litigation needs to be discussed. Plaintiffs allege that on March 13, 1985, while DeLeonardis operated a vehicle owned by S & S, he was involved in a collision with a taxicab and, as a result, the S & S vehicle was damaged and DeLeonardis was injured. On June 11, 1985, and October 23, 1985, separate complaints were filed, by DeLeonardis for personal injuries and by S & S for property damage against Abdul Shaikh (Shaikh), alleged to be the driver of the cab, and against Yellow Cab Company (Yellow Cab), the alleged owner of the cab. The separate complaints were consolidated and subsequently amended to add Checker and to allege similar causes of action against Checker while retaining the original causes of action against Shaikh and Yellow Cab. The amended consolidated complaint was in eight counts:

Count I: DeLeonardis v. Shaikh—as operator of cab owned by Yellow Cab.

Count II: DeLeonardis v. Yellow Cab—alleged Shaikh was employed by Yellow Cab and acting within the scope of his employment.

Count III: DeLeonardis v. Shaikh—as operator of cab owned by Checker.

Count IV: DeLeonardis v. Checker—alleged Shaikh was employed by Checker and acting within the scope of his employment.

Count V: S & S individually and f/u/o Aetna Insurance v. Shaikh—as operator of cab owned by Yellow Cab.

Count VI: S & S individually and f/u/o Aetna v. Yellow Cab—alleged Shaikh was employed by Yellow Cab and acting within the scope of his employment.

Count VII: S & S individually and f/u/o Aetna v. Shaikh—as operator of cab owned by Checker.

Count VIII:   S & S individually and f/u/o Aetna v. Checker—alleged Shaikh was employed by Checker and acting within the scope of his employment.

On February 18, 1987, with leave of court, and simultaneous with his entry into the case as substitute attorney representing plaintiff, John Lally filed a one-count amended complaint at law on behalf of S & S, f/u/o Aetna, against Shaikh and Checker, which alleged in pertinent part that defendant Shaikh operated a motor vehicle owned by Checker.

Motion for judgment was filed by Checker on February 18, 1987. Checker's motion was based on trial court findings and judgment in a separate declaratory judgment suit (86—CH—3144), American Country Insurance Co. v. Donald DeLeonardis, S & S Automotive, *et al.*, in which declaratory judgment was entered against defaulted defendants on December 9, 1986. Checker's motion argued the judgment in the declaratory judgment suit operated as a collateral estoppel to the complaints in this litigation.

A motion for summary judgment was filed by Yellow Cab on February 26, 1987 (Ill. Rev. Stat. 1987, ch. 110, par. 2—1005; 107 Ill. 2d R. 191), together with the affidavit of Checker Cab's president, which stated that on March 13, 1986, cab No. 3826 (the cab involved in the accident) was owned by Checker.

On April 7, 1987, the trial court granted summary judgment in favor of Yellow Cab and granted judgment in favor of Checker. No appeal was taken of the summary judgment in favor of Yellow Cab. Yellow Cab is no longer a party to this litigation, and counts I, II, V and VI of the complaint have thereby been resolved.

An appeal was taken by plaintiff of the trial court's entry of judgment in favor of Checker. In that appeal, the reviewing court reversed and remanded, finding no validity to defendant's argument of collateral estoppel, and concluded "that Checker has not carried its burden of establishing that the issue of agency and Checker's liability for its agent's negligence were in fact actually litigated in the first action. Under the circumstances, plaintiffs are not barred from litigating a claim against Checker under the theory of *respondeat superior*." (*S & S Automotive v. Checker Taxi Co.* (1988), 166 Ill. App. 3d 6, 10, 520 N.E.2d 929, 933.) That court did not address the issue raised by plaintiff that as a matter of law Checker cannot deny the driver was its agent.

Thereafter, on April 6, 1988, Checker again moved for summary judgment and supported its motion with two affidavits: one affidavit

by its personnel manager Moberg, which stated that Shaikh was not its employee on the accident date, and one affidavit by its lease manager Bellar, which stated that all Checker cabs operated pursuant to written lease and that Shaikh was not its lessee on the accident date nor for the period immediately preceding and immediately following the accident.

Plaintiffs argued in their response that Checker's ownership of the cab driven by Shaikh raised a presumption of agency and that as a common carrier Checker was estopped from denying liability for the actions of anyone driving its cab. Plaintiffs submitted no counteraffidavits in opposition to the summary judgment motion.

A general presumption of agency arises between the driver and the owner of a vehicle; to rebut the presumption the owner must show that the driver in fact was not acting in the capacity of owner's agent at the time of the accident. (*Botich v. P. Lorillard Co.* (1970), 127 Ill. App. 2d 232, 235, 262 N.E.2d 38, 40.) When evidence is introduced which is contrary to the presumption it ceases to operate. (*Botich*, 127 Ill. App. 2d at 236, 262 N.E.2d at 40.) An owner is liable for injury caused when his vehicle is driven within the scope of permission. *Faltysek v. Kloepfer* (1971), 3 Ill. App. 3d 8, 12, 279 N.E.2d 105, 108.

Checker replied that there was no allegation in either pending complaint that Shaikh was its agent and attached a copy of its lease agreement for this period to Dharsi which expressly stated that the lessee would be the sole driver during the lease period.

At the time of the filing of Checker's motion for summary judgment, two complaints were pending, and insofar as they were directed against Checker, the pertinent allegations are found in counts III, IV, VII and VIII of the eight-count amended complaint filed on February 5, 1986, and in the one-count amended complaint filed on February 18, 1987.

The trial judge granted Checker's second motion for summary judgment and plaintiffs again appeal.

In the appeal pending before us, plaintiffs initially argue that allegations in the complaint that Checker owned the cab driven by Shaikh at the time of the accident trigger a rebuttable presumption that he operated the cab as Checker's agent. Plaintiffs argue that defendants' affidavits which assert that Shaikh was not employed by Checker nor was Shaikh its lessee pursuant to written lease at the time of the accident are insufficient to rebut the presumptions of agency. Plaintiffs also argue that as a common carrier Checker cannot deny responsibility for damages caused by vehicles bearing its medallion. Plaintiffs

cite the case of *American Country Insurance Co. v. Wilcoxon* (1987), 159 Ill. App. 3d 884, 513 N.E.2d 45, for the proposition that as a matter of public policy a common carrier must assume financial responsibility for injury caused by its public livery operators and should not be permitted to avoid this responsibility by private agreements with its drivers. See also *Faltysek*, 3 Ill. App. 3d at 12, 279 N.E.2d at 109.

■ Defendant initially argues that plaintiffs have not presented a sufficiently complete record to support their claims of error. Although no report of proceedings for the hearing on the motion for summary judgment appears in the record and in its order the trial court did not state its reason for granting the motion, the issues on appeal can be addressed. We find the record on appeal sufficient because the pleadings and affidavits can be examined to determine whether there were any genuine issues of material fact and whether defendant was entitled to judgment as a matter of law. Ill. Rev. Stat. 1987, ch. 110, par. 2–1005(c); *Lytle v. Roto Lincoln Mercury & Subaru, Inc.* (1988), 167 Ill. App. 3d 508, 513, 521 N.E.2d 201, 204.

Defendant argues that it is not possible from the record to determine on which of the complaints the trial court was granting summary judgment because an order granting plaintiffs leave to file an amended complaint is missing. This statement is inaccurate. The record discloses the court granted plaintiff leave to amend the complaint on October 31, 1985, January 6, 1986, February 5, 1986, and February 18, 1987, and the amended complaints here considered were filed with appropriate leave of court. On the record before us we can address the issues raised by the plaintiffs.

■ Defendant next argues that the uncontradicted affidavits filed in support of its summary judgment motions established that at the time of the accident Shaikh was not an employee, agent or lessee of defendant. Plaintiffs filed no counteraffidavits in response to defendant's motion for summary judgment and its supporting affidavits. In the absence of responsive affidavits by plaintiffs, the representation by defendant that Shaikh was neither an employee nor a lessee of Checker at the time of the accident must be taken as admitted and true for purposes of the motion. (*Wooding v. L & J Press Corp.* (1981), 99 Ill. App. 3d 382, 385, 425 N.E.2d 1055, 1058; *Carruthers v. B.C. Christopher & Co.* (1974), 57 Ill. 2d 376, 380-81, 313 N.E.2d 457, 459.) The court, therefore, was required to find that Shaikh was not Checker's employee nor was he Checker's lessee at the time of occurrence.

In response to plaintiffs' argument that the amended complaint raises a genuine issue of material fact that Shaikh as the operator of

the cab is presumed to be the agent of Checker, defendant argues that the only theory of *respondeat superior* pled by plaintiffs (counts IV and VIII) was that of employer-employee and not of principal-agent and that the pleadings do not allege that Shaikh was agent of Checker.

Checker's affidavit and the written lease established that at the time of the occurrence the vehicle was leased to H. Rajab Dharsi. By the express language of the lease Dharsi agreed to be the sole driver of the leased vehicle. On appeal, plaintiffs suggest that Shaikh operated the vehicle with lessee's permission, thereby acting within Dharsi's authority as operator of the cab and with owner's permission under the doctrine of *respondeat superior*. However, no such allegation is made in either of the pending complaints.

In counts IV and VIII against Checker, plaintiffs alleged that Shaikh was an employee of Checker, but did not allege that the cab was owned by Checker. The affidavit of Checker's John Morberg specifically states that Shaikh was not Checker's employee at the time of the occurrence. In counts III and VII against Shaikh, plaintiffs allege the cab driven by Shaikh was owned by Checker. Checker conceded in its affidavit that on the accident date, it owned the cab in question.

The pivotal question, then, is did Shaikh have permission to drive the cab? No such permission is alleged in the complaint. Defendant's failure to address the question of whether lessee Dharsi had given permission to Shaikh to operate Checker's cab does not render the affidavits deficient. No response was required to an allegation that was never made.

We next consider plaintiffs' argument that a common carrier cannot evade responsibility for damages caused by vehicles bearing its medallion. Plaintiffs alleged only the driver's employment by defendant Checker. The employment allegation was adequately refuted by Checker's uncontroverted affidavit. The holding in the *Wilcoxon* case (*Wilcoxon*, 159 Ill. App. 3d 884, 513 N.E.2d 45), cited by plaintiffs in support of their argument that Checker cannot deny its responsibility for any driver, was recently affirmed by the Illinois Supreme Court. (*American Country Insurance Co. v. Wilcoxon* (1989), 127 Ill. 2d 230, 537 N.E.2d 296.) There, the supreme court held that an insurer under a surety bond issued to the cab company to protect persons injured through a cab driver's negligence, as required by the Illinois financial responsibility statute (Ill. Rev. Stat. 1987, ch. 95½, par. 8—104), was not permitted to exclude from coverage a cab driver who did not enter into a lease with owner cab company and that any person given permission to drive the cab by the first permittee is covered under the

policy. (*Wilcoxon*, 127 Ill. 2d at 239.) Checker argues that the initial permission doctrine does not apply to the record here. Absent from the complaint in any allegation that Dharsi, the first user with owner's permission, gave permission to Shaikh to operate the vehicle. We find this to be an accurate statement of the allegations of the complaint.

The statute describing the requirements of the bond required under the financial responsibility statute mandates the payment of a judgment against the owner or person driving with the owner's express or implied consent. (Ill. Rev. Stat. 1987, ch. 95½, par. 8—104.) However, the statute does not establish that as a matter of law an owner is liable for the negligence of a driver who did not have the owner's permission to operate the cab.

■■ ■ On a motion for summary judgment the court must determine whether the pleadings, exhibits and affidavits on file when considered together show there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. (*Lytle*, 167 Ill. App. 3d at 513, 521 N.E.2d at 204.) Here, the trial court considered the allegations of the pending complaints, the summary judgment motion and its uncontroverted supporting affidavits and the written lease attached thereto, and concluded from the record that no genuine issue of material fact remained upon which to try the case. We find no error in the entry of summary judgment in favor of defendant by the trial court.

For all of the foregoing reasons, the judgment of the trial court is affirmed.

Judgment affirmed.

EGAN, P.J., and QUINLAN, J., concur.