**Kerri W. SNODGRASS and Stacey L. Becker, Plaintiffs,**

v.

**Thomas F. JONES, Defendant–Appellant,**

v.

**UNITED STATES of America, Intervenor–Appellee.**

No. 91–1520.

United States Court of Appeals, Seventh Circuit.

Argued Nov. 4, 1991.

Decided March 13, 1992.

Robert Barewin, argued, Metnick, Barewin & Wise, Springfield, Ill., for plaintiffs.

Gregory K. Harris, argued, Giffin, Winning, Cohen & Bodewes, Springfield, Ill., for defendant-appellant.

Barbara L. Herwig, argued, Catherine L. Fisk, Dept. of Justice, Civ. Div., Appellate Section, Andrea W. McCarthy, Department of Justice, Civ. Div., Washington, D.C., James A. Lewis, Asst. U.S. Atty., Office of

U.S. Atty., Springfield, Ill., for intervenor-appellee.

Before MANION and KANNE, Circuit Judges, and WILL, Senior District Judge.*

WILL, Senior District Judge.

This case arose when Thomas Jones, an FBI agent, hit Kerri Snodgrass while driving a government car. Snodgrass sued Jones, and hoped to hold the United States liable for the damages. In addition to the travel, including investigative and supervisory activities, required by his position as Special Agent in Charge, Jones was authorized to use his government car for travel between work and home, from which he could respond to emergency calls. On the night of the accident Jones had left work, eaten dinner at a restaurant, and then spent four to five hours at a bar. The collision occurred when Jones was on his way home from the bar.

The United States at first certified that Jones was acting within the scope of his employment, and removed the case to the federal district court for the Central District of Illinois under the Federal Driver's Act. The District Court reviewed the government's decision and held that Jones had not, in fact, been acting within the scope of employment. The case was remanded to state court. In the meantime, the Federal Drivers Act was replaced by the Federal Employees Liability Reform and Tort Compensation Act (FELRTCA), 28 U.S.C. § 2671 et seq.[1] Under the FELRT-CA the Attorney General is first asked to certify that the employee acted within the scope of employment. The Attorney General refused to certify that Jones acted within the scope of employment and Jones, under 28 U.S.C. § 2679(d)(3),[2] petitioned the state court to certify that he was acting within the scope of employment. The United States removed this petition to the federal district court. The District Court ruled that Jones was not acting within the scope of employment. This appeal followed.

The District Court found that there were no disputed facts and that Jones was acting outside the scope of his employment as a matter of law. 755 F.Supp. 826. It is undisputed that Illinois law governs whether Jones was acting within the scope of employment. *Richards v. United States*, 369 U.S. 1, 82 S.Ct. 585, 7 L.Ed.2d 492 (1962); *Konradi v. United States*, 919 F.2d 1207, 1209 (7th Cir.1990). Under Illinois law, "where the essential facts are undisputed, whether an injury arose out of and in the course of employment presents a question of law." *Stevenson Olds Sales and Service v. Industrial Com. of Illinois*, 140 Ill.App.3d 703, 95 Ill.Dec. 107, 109, 489 N.E.2d 328, 330 (3d Dist.1986). We review the District Court's determination of a question of law *de novo*.

In some of the early cases brought under 28 U.S.C. § 2679(d)(1) and (2)—where the Attorney General certified scope of employment and the plaintiff objected—the

---

* The Honorable Hubert L. Will, Senior District Judge of the United States District Court for the Northern District of Illinois, Eastern Division, is sitting by designation.

1. Section 8(b) of the act provided that its amendments would apply to all cases then pending as well as those filed after passage. 102 Stat. 4565–6. Therefore, it applies to this case.

2. 28 U.S.C. § 2679(d)(3) provides:

In the event that the Attorney General has refused to certify scope of office or employment under this section, the employee may at any time before trial petition the court to find and certify that the employee was acting within the scope of his office or employment. Upon such certification by the court, such action or proceedings shall be deemed to be an action or proceeding brought against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant. A copy of the petition shall be served upon the United States in accordance with the provisions of Rule 4(d)(4) of the Federal Rules of Civil Procedure. In the event the petition is filed in a civil action or proceeding pending in a State court, the action or proceeding may be removed without bond by the Attorney General to the district court of the United States for the district and division embracing the place in which it is pending. If, in considering the petition, the district court determines that the employee was not acting within the scope of his office or employment, the action or proceeding shall be remanded to the State court.

government argued that the Attorney General's determination was unreviewable or at least entitled to great deference. See, e.g., *S.J. & W. Ranch, Inc. v. Lehtinen,* 913 F.2d 1538, 1543 (11th Cir.1990), *amended,* 924 F.2d 1555 (11th Cir.1991), *cert. den.,* —— U.S. ——, 112 S.Ct. 62, 116 L.Ed.2d 37 (1991). Several courts have held that the Attorney General's decision on certification is reviewed *de novo,* including this circuit. *Hamrick v. Franklin,* 931 F.2d 1209, 1211 (7th Cir.1991), *S.J. & W. Ranch, supra,* and cases collected therein. The courts' power to determine whether an employee was acting within the scope of employment is even clearer in § 2679(d)(3) cases such as this one—the statute specifically provides for the court to determine scope of employment (see text in footnote 2).

\*　　\*　　\*

Illinois draws upon the Restatement (Second) of Agency for defining the scope of employment. *Pyne v. Witmer,* 129 Ill.2d 351, 135 Ill.Dec. 557, 543 N.E.2d 1304 (1989) adopted § 228 of the Restatement:

(1) Conduct of a servant is within the scope of employment if, but only if:

(a) it is of the kind he is employed to perform;

(b) it occurs substantially within the authorized time and space limits;

(c) it is actuated, at least in part, by a purpose to serve the master, \* \* \*

\*　　\*　　\*　　\*　　\*　　\*

(2) Conduct of a servant is not within the scope of employment if it is different in kind from that authorized, far beyond the authorized time or space limits, or too little actuated by a purpose to serve the master.

## I. Jones at the bar

■ Jones argues that he was acting within the scope of his employment when he was at the bar, because the bar is owned in part by a former chief of detectives, and Jones spoke with this former official and a member of the United States Secret Service while at the bar. Jones argues that since his duties included acting as a liaison to other law enforcement agencies, these conversations were part of his duty of maintaining good relations with other law enforcement agencies. Jones does not allege that he actually had any specific business to discuss with either man; the owner of the bar was a *former* official; and Jones claims that he planned to speak to the owner, not the Secret Service man whom he seems to have bumped into. Even accepting everything Jones says about his motives in going to the bar, this argument is untenable—it is not anyone's job to hang out in a bar for four to five hours, even if he is hanging out with other law enforcement officials.

## II. Jones on the road home

■ Jones makes a more serious argument about the drive home. It is possible for someone to leave the scope of their employment on a 'frolic,' but later return within the scope. *Pyne v. Witmer,* 129 Ill.2d 351, 135 Ill.Dec. 557, 543 N.E.2d 1304 (1989); *Parotto v. Standard Paving Co.,* 345 Ill.App. 486, 104 N.E.2d 102 (1st Dist. 1952). "Once an employee abandons a frolic and reenters the scope of employment, the employer will be vicariously liable for injuries caused by the employee's negligence." *Pyne,* 135 Ill.Dec. at 562, 543 N.E.2d at 1309. In this case Jones argues that driving home was within the scope of his employment, and when he returned to doing that he returned to the scope.

The general rule is that travel between work and home is not within the scope of employment. There are, however, exceptions, such as when the employer provides the transportation, and does so in order to gain some benefit. *Stevenson Olds Sales and Service v. Industrial Com. of Illinois,* 140 Ill.App.3d 703, 95 Ill.Dec. 107, 489 N.E.2d 328 (3d Dist.1986). Jones argues that in this case the FBI provided transportation because they benefited from having their agents on call at any time. The car was equipped with a radio, and Jones could respond to emergency calls at night directly from his home using the FBI car. In fact, he did so often. The FBI policy on the use of cars authorized the agents to drive them home, as long as they followed

an expeditious route. The government grants that if Jones had driven directly home he would have remained within the scope, but argues that is not the case here.

The District Court chose not to follow the rule of *Stevenson Olds*, finding the reasoning unpersuasive. However, the government grants that Jones would have been within the scope of employment while driving directly home, and *Stevenson Olds* is the law at least for the third appellate district of Illinois. At any rate, following *Stevenson Olds* in this case does not affect the outcome.

In *Stevenson Olds*, an Illinois Appeals Court held that an employee was within the scope of his employment on his daily commute between work and home, because his driving of a company car was a benefit to his employer. In that case, the employee of the car dealership was found to benefit his employer by displaying the car and providing customer service from his home as well as from work. Jones' driving an FBI car provided at least as great a benefit to the FBI as the employee in *Stevenson Olds* did to his employer. Jones had a greater need to respond to FBI emergencies than a car salesman would to customer service needs. Under *Stevenson Olds* all driving between work and home is within the scope of employment (since an emergency call might come in any evening), not just drives that are actually in response to emergency calls as the government and District Court seemed to suggest would be necessary.

Given that Jones would have been within the scope of employment if he had driven directly home, but that he left the scope of employment while hanging out at the bar and grill, the key question is whether Jones re-entered the scope of employment when he left the bar to drive on home.

In *Prince v. Atchison, Topeka and Santa Fe Rway. Co.*, 76 Ill.App.3d 898, 32 Ill.Dec. 362, 395 N.E.2d 592 (3d Dist.1979), the court formulated a test for whether an employee has returned from a frolic. "First, the employee must have formulated an intent to act in furtherance of the employer's business; second, the intent must be coupled with a reasonable connection in time and space with the work in which he should be engaged." *Prince*, 32 Ill.Dec. at 368, 395 N.E.2d at 596. In this case the District Court held that Jones had not met the first prong because driving home was not "in furtherance of the employer's business." However, accepting the *Stevenson Olds* rule, driving home is within the scope of employment, and therefore "in furtherance of the employer's business," and we can accept Jones' uncontested claim that he had formulated the requisite intent to return home.

Jones fails the second prong of the test, however. When he delayed for seven hours, and left from a bar, not from work, there was no "reasonable connection in time and space" between what he was doing and what he should have been doing. A drive home along an expeditious route may be briefly interrupted without leaving the scope of employment, as the government conceded at oral argument, but to delay for many hours, with a side trip that Jones says was 30 to 90 minutes from his office is not close in time or space to where Jones should have been.

■ Briefly, we address Jones' argument that there is a presumption that an employee driving an employer's car is within the scope of employment. The presumption is actually more general and less helpful, as stated in the case he relies on:

A general presumption of agency arises between the driver and the owner of a vehicle; to rebut the presumption the owner must show that the driver in fact was not acting in the capacity of owner's agent at the time of the accident. When evidence is introduced which is contrary to the presumption it ceases to operate.

*DeLeonardis v. Checker Taxi*, 189 Ill. App.3d 9, 136 Ill.Dec. 631, 545 N.E.2d 155 (1st Dist.1989). Jones argues that the government did not introduce any evidence to rebut this presumption, and therefore he was within the scope of his employment as a matter of law. The government had no need to introduce evidence to rebut the presumption—Jones' own evidence makes abundantly clear that under Illinois law, he

was not acting within the scope of employment, thus the presumption "ceases to operate." [3]

The presumption rule explains away the two cases Jones relies upon heavily, *Kavale v. Morton Salt Co.*, 329 Ill. 445, 160 N.E. 752 (1928) and *Parotto v. Standard Paving Co.*, 345 Ill.App. 486, 104 N.E.2d 102 (1st Dist.1952). In both cases the court upheld jury verdicts finding an employee to be within the scope of employment when driving back to an employer's garage after a frolic. In *Kavale* the Illinois Supreme Court placed great weight on the lack of evidence of exactly what happened (the employee died in the accident), allowing the jury to follow the presumption. However, as *DeLeonardis* makes clear, the presumption does not operate in this case, since we do know what happened. In addition, it is a long step from upholding a jury verdict to overturning a district court's consideration of this issue as a matter of law.

### III.  Jones and a hearing

 Jones' final argument is that the District Court should have held a hearing on his petition. However, the hearing that was explicitly required under the old statute was dropped from the language in the new statute. There is also nothing in the court rules that requires a hearing. Furthermore, the government did not contest the facts submitted by Jones; the only disagreements were about the meaning of the facts. Since the parties had the opportunity to submit briefs arguing these points, there was no need for a hearing.

Driving home was within the scope of employment, but going to a bar was not. It is possible to return to the scope of employment, but Jones had not done so.

The judgment of the District Court is, therefore, affirmed.

---

**3.** The government also argues that, Illinois presumptions aside, Jones had the burden of proof on the scope of his employment because he was the party challenging the Attorney General's decision. *Hamrick*, 931 F.2d at 1211, *S.J. & W. Ranch*, 913 F.2d at 1543, *Cooper v. Kribble*, 1991 WL 2526, *2, 1991 U.S. Dist. Lexis 88, *4 (N.D.Ill.1991). Jones disputes the applicability of the burden of proof allocation made in these cases to his own, since the other cases involved

challenges by plaintiffs to certification, not by employees to failure to certify. But see, *Wang v. Horio*, 741 F.Supp. 1373, 1376 (N.D.Cal.1989), *aff'd in part and rev'd in part*, 947 F.2d 1400 (9th Cir.1991), in which the party challenging failure to certify was given the burden of proof. At any rate, this dispute is academic since any burden on the government to overcome the presumption has been met.