(No. 38794.—

ROBERT M. SJOSTROM, Appellant, *vs.* JOHN H. SPROULE *et al.,*—(JOHN H. SPROULE, Appellee.)

*Opinion filed May 20, 1965.—Rehearing denied September 27, 1965.*

LOUIS A. SMITH, LESTER E. MUNSON, and ARTHUR S. WALTER, all of Chicago, (SIMON HERR, of counsel,) for appellant.

KIRKLAND, ELLIS, HODSON, CHAFFETZ & MASTERS, of Chicago, (CHARLES M. RUSH and JOHN M. O'CONNOR, JR., of counsel,) for appellee.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

The plaintiff, Robert Sjostrom, was injured when the car in which he was riding, driven by the defendant John Sproule, collided with another car. Both parties were employees of Armour & Co., an employer covered by the Workmen's Compensation Act, and they were going to work when the accident occurred. Section 5 of the Illinois Workment's Compensation Act bars an action by an employee against the employer or his employees "for injury or death sustained by any employee while engaged in the line of his duty as such employee." (Ill. Rev. Stat. 1963, chap. 48, par. 138.5.) The question before us is whether the plaintiff's action is barred by the statute.

The case was tried twice, and was twice before the appellate court. On the first trial a verdict was directed for the defendant on the ground that section 5 barred the action, and a judgment was entered against John Scott, the driver of the other vehicle involved in the collision and his employer, International Shoe Co. Scott and International Shoe appealed and the appellate court reversed, with directions to enter judgment in their favor. The plaintiff, by cross-appeal, challenged the directed verdict. The appellate court held that the action was not barred by section 5 and ordered a new trial. (34 Ill. App. 2d 338.) On the second trial the plaintiff obtained a judgment against the defendant, who appealed to the appellate court. That court held that its first decision on the section 5 issue was palpably erroneous, and that therefore it was not prevented by the doctrine of the law of the case from reversing itself, which it did. (49 Ill. App. 2d 451.) We granted leave to appeal.

We need not determine the correctness of the appellate court's decision that it was not bound by the doctrine of the law of the case, for in any event that doctrine is not applicable to this court in reviewing the judgment of the appellate court. *Zerulla v. Supreme Lodge Order of Mutual Protection*, 223 Ill. 518.

Both the plaintiff and the defendant lived in Chicago.

Both were engineers employed by Armour & Co., whose main office was in Chicago. In 1952, first the plaintiff, and then the defendant, was assigned to supervise specified aspects of the construction of a plant in Bradley, Illinois, which is about six miles from Kankakee. The plaintiff had a company car assigned to him, which he drove to work most of the time. At other times he drove his own car or rode with another employee. When he drove his own car he received reimbursement at the rate of 6c per mile; when he drove the company car he was reimbursed for the cost of gasoline and oil.

In September of 1952 the defendant was assigned to Bradley, and during the first two weeks that he worked there he drove his own car and was reimbursed for its use on the 6c-a-mile basis. Then Dick Blanding, Armour's overall supervisor at Bradley, told the defendant that he wanted to eliminate the duplicate expense involved in reimbursing both the plaintiff and the defendant, and that he thought the defendant should ride in the company car assigned to the plaintiff. Since the defendant lived farther from Bradley than the plaintiff, the defendant was to pick up the plaintiff in the morning and drop him off in the evening. It took the defendant 20 to 25 minutes longer to get to Bradley when he followed this procedure. During this time the plaintiff paid for the gas and oil and was reimbursed.

A week before the accident the plaintiff did not go to work and the defendant drove the company car alone. The car developed engine trouble. The defendant phoned Armour's automotive department and requested that a tow truck be sent out to pick up the car. He and the plaintiff agreed to continue the existing arrangement, using the defendant's own car. On the first day after the breakdown of the company car, the defendant explained the situation to Blanding and told him of the arrangement to use defendant's car. Blanding said he would get them another company

car and he made application for one. The parties continued to make the trip in the defendant's car for seven working days until December 4, 1952, when the accident occurred while they were on the way to Bradley. During the period that defendant drove his own car he applied for and received reimbursement on the 6c-a-mile basis.

Section 5 of the Workmen's Compensation Act provides: "No common law or statutory right to recover damages from the employer or his employees for injury or death sustained by any employee while engaged in the line of his duty as such employee, other than the compensation herein provided, shall be available to any employee who is covered by the provisions of this Act, * * *." (Ill. Rev. Stat. 1963, chap. 48, par. 138.5.) While this section refers to an employee "engaged in the line of his duty", it is applicable only if the injuries received are compensable, and the "line of duty" test is therefore construed as identical to the general test of compensability, "arise out of and in the course of employment." (See, *Christian v. Chicago & Midland Railway Co.* 412 Ill. 171, 174.) This action, therefore, can not be maintained if it arose out of and in the course of the plaintiff's employment.

In this state and throughout the country it is ordinarily held that accidents that occur while an employee is going to or from his place of employment do not arise out of and in the course of employment. (*Public Service Co. of Northern Illinois* v. *Industrial Com.* 370 Ill. 334; *United Disposal and Recovery Co.* v. *Industrial Com.* 291 Ill. 480; *Cardillo* v. *Liberty Mutual Ins. Co.,* 330 U.S. 469, 91 L. ed. 1028; 58 Am. Jur., Workmen's Compensation, sec. 217, p. 723.) The reason is that the employee's trip to and from work is the product of his own decision as to where he wants to live, a matter in which his employer ordinarily has no interest.

But the nature of an employee's job is sometimes such that his trip to work is determined by the demands of his

employment rather than personal factors. In the present case Bradley was not the regular place of work of either the plaintiff or the defendant. They were assigned there on a temporary basis to supervise the construction of a new plant. It was not contemplated that they should change their place of residence because of that temporary assignment. Both employees traveled to Bradley to accommodate their employer rather than themselves. The control that the employer exercised over the method of travel to insure that only one of the parties would be reimbursed makes it clear that reimbursement for travel was not, in this case, a form of extra compensation. *Cf.* Larson, Workmen's Compensation, sec. 16.30.

The plaintiff relies upon *Public Service Co. of Northern Illinois* v. *Industrial Com.* 370 Ill. 334, in which this court held that an employee who was given an allotment for transportation expenses was not entitled to workmen's compensation for injuries he incurred while going home from work. But in that case the court apparently assumed that no more was involved than the ordinary trip to and from home, and found it unnecessary to consider the critical distinction between travel that results from the employee's decision as to where he wants to live, and travel that is required by the exigencies of the job.

We are of the opinion that in the circumstances of this case the appellate court correctly held that the plaintiff's injuries arose out of and in the course of his employment, and that this action is therefore barred.

*Judgment affirmed.*