(No. 52494.—

MARJORIE JOAN GMELICH, Appellant, v. THE INDUS-TRIAL COMMISSION *et al.* (Fred Barth, d/b/a Fred Barth Ford, Appellee).

*Opinion filed May 22, 1980.*

Harlan Heller and Alan D. Spaniol, of Harlan Heller, Ltd., of Mattoon, for appellant.

Stephen L. Corn and Richard C. Hayden, of Craig & Craig, of Mattoon, for appellee.

MR. JUSTICE KLUCZYNSKI delivered the opinion of the court:

This action was brought under the Workmen's Compensation Act (Ill. Rev. Stat. 1975, ch. 48, par. 138.1 *et seq.*) by claimant, Marjorie Gmelich, seeking recovery for the death of her husband, Donald. The arbitrator found that the accident which caused death did not arise out of and in the course of Gmelich's employment by respondent, Fred Barth Ford, an automobile dealership in Marshall, and compensation was denied. The Industrial Commission affirmed, and the circuit court of Clark County confirmed the decision of the Commission. Claimant brings the cause to this court under Rule 302(a) (73 Ill. 2d R. 302(a)). We affirm.

Donald Gmelich was an automobile salesman employed by respondent. On December 7, 1976, Gmelich left work at approximately 5:30 p.m., telling Fred Barth, sole owner of the dealership, that he would visit his daughter and do some Christmas shopping in Terre Haute, Indiana, that evening. After having dinner at home, Gmelich set out by car for Terre Haute with his wife at approximately 6:30 p.m. The car in which they traveled was owned by respondent, which customarily allowed its salesmen use of its autos. Fuel and maintenance bills were paid by respondent, and no restrictions were placed on usage. As was typical of Gmelich, he carried business

cards, a list of automobiles, specification comparison charts, and other work-related materials with him on the trip to Terre Haute.

Upon arriving in Terre Haute, Gmelich and his wife first visited a friend in a hospital. The friend and her husband had previously bought cars from Gmelich. When testifying before the arbitrator, Mrs. Gmelich could not recall if automobiles were discussed during the hospital visit, and she admitted on cross-examination that the purpose of the hospital visit was personal.

The second stop made by Gmelich and wife was at a Terre Haute shopping center. While there, Gmelich first purchased a gift certificate for Fred Barth from a men's clothing store. The certificate was paid for with the receipts from an employee vending machine and was intended as a Christmas present for Barth from Gmelich and his fellow employees. In buying the certificate, Gmelich was served by a young lady who was attending classes with Gmelich's daughter in Terre Haute. During the course of the transaction, the topic of automobiles was broached, and the young lady commented that her car burned fuel quickly and that she was considering a smaller, more economical car. Gmelich stated that he had recently bought his daughter a small station wagon, and he informed the young lady of the types of cars he had to offer. She stated that her car had a low mileage reading and was in good condition, but the topic apparently was not pursued further.

While at the shopping center, Gmelich and his wife also stopped in a sewing machine store, and they there met a man, an employee of the store, to whom Gmelich had once sold a pickup truck. Gmelich spoke to the man for approximately 10 or 15 minutes. The topic of the conversation does not appear in the record.

The third and final stop in Terre Haute made by Gmelich and his wife was at the home of their daughter, a college student. As appears from the evidence introduced

by claimant, Gmelich had recently purchased a car from respondent. He then, as might be inferred from the questions of claimant's attorney, apparently sold it to his daughter. In her testimony, the daughter said that she did not know whether she or her father was the title owner. During the course of the visit with his daughter, Gmelich took the car to a service station for a fill-up and also had the oil, antifreeze and windshield-washer fluid checked. Mrs. Gmelich admitted in her testimony that the purpose of this visit with her daughter was personal.

In returning home from Terre Haute that evening, Gmelich and his wife were involved in an accident a few miles east of their home shortly after 9 p.m. Gmelich died as a result of the injuries he sustained. This action followed.

In the proceedings before the arbitrator, much evidence was introduced on the question of Gmelich's work hours and the customs and practices of automobile salesmen. Claimant, Mrs. Gmelich, testified that Gmelich started work early each weekday, at approximately 7:30 a.m., and that he sometimes worked evenings, weekends and even holidays. Gmelich's daughter testified that he worked 24 hours a day, seven days a week, but she admitted on cross-examination that this was an unrealistic estimate. Fred Barth testified that Gmelich had worked approximately nine hours per day on weekdays and six hours on Saturdays. He stated that he did not require employees to work evenings, but he knew that they often did more than was required of them and that some sold cars to Indiana residents. Finally, Gary Blagg testified as to the custom and practice of automobile salesmen. Blagg, also a car salesman but with a different company, testified that it was common practice for a salesman to attempt to make a sale at every available opportunity.

In seeking reversal of the Commission's denial of compensation, Mrs. Gmelich argues that the actions of

her husband on the evening of his death represented reasonable and foreseeable employment-related activity and that the fatal injuries sustained by him therefore were compensable. We disagree.

This case presents the issue, as Professor Larson puts it, of the compensability of injuries sustained in the course of a "dual-purpose trip" (1 A. Larson, Workmen's Compensation sec. 18 *et seq.* (1978)). That author correctly recognizes that Illinois has adopted the rule, first enunciated by Mr. Chief Justice Cardozo in *Marks' Dependents v. Gray* (1929), 251 N.Y. 90, 93-94, 167 N.E. 181, 183, that "when a trip serves both business and personal purposes, it is a personal trip if the trip would have been made in spite of the failure or absence of the business purpose and would have been dropped in the event of failure of the private purpose, though the business errand remained undone; it is a business trip if a trip of this kind would have been made in spite of the failure or absence of the private purpose, because the service to be performed for the employer would have caused the journey to be made by someone even if it had not coincided with the employee's personal journey." (1 A. Larson, Workmen's Compensation sec. 18.12, at 4—218 (1978), citing, at 4—221, *Boyer Chemical Laboratory Co. v. Industrial Com.* (1937), 366 Ill. 635, 641, and *Irwin-Neisler & Co. v. Industrial Com.* (1931), 346 Ill. 89, 94-95.) This rule, as applied here, advises against awarding compensation. Respondent's interests may well have been furthered, to some immeasurable extent, by Gmelich's sales pitch to the young lady from whom he had purchased a gift certificate. This is the only tangible evidence, however, from which we or the Commission could infer that respondent's interests were furthered by Gmelich's trip on the evening of his death. The Commission therefore could reasonably conclude that the trip would have been undertaken even if no selling effort were contemplated and that Gmelich's business motives were incidental to an otherwise personal

trip. Compensation was properly denied. *Boyer Chemical Laboratory Co. v. Industrial Com.* (1937), 366 Ill. 635, 641.

*Nickey Chevrolet Sales, Inc. v. Industrial Com.* (1967), 37 Ill. 2d 399, relied upon by claimant, involved a car salesman who was struck and killed as he left the dealership's premises. In affirming an award entered by the Commission, the court held that the Commission could have concluded that the employee had not ceased working. (37 Ill. 2d 399, 403.) Here, by contrast, the employee's proximity to the employer's premises was remote, the Commission concluded that his trip to Terre Haute was not of a business nature, and we cannot say that conclusion is against the manifest weight of the evidence. We reject the idea advanced by claimant that a car salesman will take every opportunity to sell a car and that he is therefore always acting within the scope of his employment.

*Travelers Insurance Co. v. Mullikin* (Tex. Civ. App. 1951), 241 S.W.2d 175, also relied upon by claimant, involved facts substantially similar to those now before us, and compensation was allowed. The case has been justly criticized, however (1 A. Larson, Workmen's Compensation sec. 18.41, at 4–285 to 4–286 (1978)), it is inconsistent with the law as enunciated in the prior opinions of this court, and it will not be followed.

For the foregoing reasons, the judgment of the circuit court is affirmed.

*Judgment affirmed.*