HERBERT SCHULTZ, Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (Lustra Lighting, Appellee).

First District (Industrial Commission Division)   No. 1—84—0613 WC

Opinion filed December 4, 1984.—Rehearing denied February 7, 1985.

Daniel F. Gallagher, of Kaplan, Gold & Gallagher, Ltd., of Chicago, for

appellant.

Law Offices of Tyrrell & Flynn, of Chicago (Thomas J. Flynn, of counsel), for appellee.

JUSTICE BARRY delivered the opinion of the court:

The claimant, Herbert Schultz, appeals from an order of the Industrial Commission denying him benefits under the Workers' Compensation Act (the Act) (Ill. Rev. Stat. 1979, ch. 48, par. 138.1 et seq.). The claim was initially denied by the arbitrator. The Commission also denied benefits, and the Commission's decision was confirmed by the circuit court of Cook County.

The claimant was an outside salesman for the defendant, Lustra Lighting. The claimant placed orders and submitted weekly activity reports by mail. He testified that he was required to mail the weekly reports by Saturday of each week. The claimant was also employed by an insurance company. Additionally, the claimant was self-employed as an income tax preparer.

On Saturday, July 26, 1980, the claimant prepared his activity report and other papers for mailing to Lustra. He finished preparing these documents by noon.

At 7:30 p.m., he drove from his home to Grant Hospital to visit a friend. This friend was also a tax client of the claimant. The claimant promised to stay at the friend's apartment that night. He then went to a Jewel food store. He next drove to the intersection of Elston Avenue just north of Belmont. When he left his car, he was struck by another auto. He was pinned between the side of his auto and the other car. The claimant suffered compound fractures in both legs, facial lacerations and a concussion.

The claimant testified that he drove to the corner of Elston and Belmont in order to mail his report and orders to Lustra. He stated that he did not see a mailbox near the hospital. He testified that he did not mail the reports at the mailbox near his home because the pickup schedule was too infrequent.

The claimant's mother testified that she went to retrieve his car the morning after the accident. She found the claimant's business correspondence in the open truck of the car. The envelopes were water marked and spattered with mud. She testified that she opened the envelopes, removed their contents, and remailed the report and orders in clean envelopes. The original envelopes were admitted into evidence.

Lustra introduced evidence that the mailbox at Belmont and El-

ston had approximately the same pickup times as did a box less than one-half mile from the claimant's home. Lustra also introduced evidence that in 1982 there were two mailboxes serving Grant Hospital and between 50 and 55 other mailboxes on the route taken by the claimant. Finally, Lustra introduced evidence that there is a Burger King, which the claimant had patronized before, directly opposite the location where the claimant stopped his car.

The arbitrator disallowed the claim, finding that the accident did not arise out of or in the course of his employment. The arbitrator relied on the decision in *Gmelich v. Industrial Com.* (1980), 81 Ill. 2d 44, 405 N.E.2d 786. No additional evidence was taken by the Commission. As aforesaid, the Commission affirmed the arbitrator's decision, and the Commission's decision was subsequently confirmed by the circuit court.

The claimant makes several arguments in support of his contention that his injuries arose out of his employment. The claimant argues first that he was injured in the course of his employment because his mailing of the report and orders was an act which he might reasonably be expected to perform incidental to his assigned duties. The claimant further argues that he had a "dual purpose" in making this trip, and that the business purpose was an integral part of the trip.

The Illinois Supreme Court in *Robinson v. Industrial Com.* (1983), 96 Ill. 2d 87, 449 N.E.2d 106, held that an act of a traveling employee which, although not part of his employment, is reasonable and foreseeable and results in injury may be compensable under the Act. However, the rule in *Robinson*, and the cases relied upon therein, concerns traveling employees who, in the course of their business travels, deviate from their normal business functions. In the instant case, it was clear the claimant was not injured in the course of a deviation from business travels. The claimant's reliance on *Robinson* is therefore misplaced.

Instead, the record clearly demonstrated that the claimant was, at best, injured during the course of a "dual purpose" trip. The dual-purpose rule applies whenever there is both a business and personal purpose for an employee's trip, and only the business purpose is compensable under the Act. (1 A. Larson, Workmen's Compensation sec. 18.14 (1978).) The rule on dual-purpose trips was set forth in *Gmelich v. Industrial Com.* (1980), 81 Ill. 2d 44, 405 N.E.2d 786. As noted above, the arbitrator based his denial of benefits in the instant case upon the decision in *Gmelich*.

■■ ■ An injury arises out of and in the course of employment

under the dual-purpose rule if it is incurred during a "business trip." When a trip serves both business and personal purposes, it is personal if the trip would have been made even absent the business purpose but would not have been made absent the personal purpose. Conversely, it is a business trip if the trip would have been made absent the personal purpose, because the service performed for the employer during the trip would have caused the trip to be made even if it had not coincided with the employee's personal journey. 81 Ill. 2d 44, 48, 405 N.E.2d 786, 788.

■ It is clear from the record that the claimant would have made the trip to the hospital, his friend's apartment, and the grocery store even absent his business purpose of mailing his reports. The claimant passed many mailboxes on his route between the hospital and the site of the accident. While the claimant testified that the reports had to be mailed on Saturday, he did not attempt to post them until late Saturday evening. The record supports the decision that the business purpose of the trip was merely incidental to the personal purpose.

The Commission concluded that, as a matter of law, the claimant was injured during a personal trip. It, therefore, found that the claimant's injury did not arise out of or in the course of the claimant's employment. We find no error in this decision. The Commission's decision was properly confirmed.

Accordingly, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

WEBBER, P.J., and McNAMARA, LINDBERG and KASSERMAN, JJ., concur.