STEVENSON OLDS SALES AND SERVICE, Appellee, v. THE INDUS-
TRIAL COMMISSION *et al.* (Merle Garrison, Deceased, by Gertrude Garri-
son, Appellant).

Third District (Industrial Commission Division)   No. 3—85—0156WC

Opinion filed January 9, 1986.

LINDBERG, J., specially concurring.
WEBBER, P.J., dissenting.

James Leo Keely, of Ottawa, for appellant.

R. J. Lannon, Jr., of Herbolsheimer, Lannon, Henson, Duncan & Reagan,
P.C., of La Salle, for appellee.

JUSTICE BARRY delivered the opinion of the court:
Based on the death of her husband, Merle Garrison (the decedent),
the petitioner, Gertrude B. Garrison, sought death benefits under sec-
tion 7 of the Workers' Compensation Act (the Act) (Ill. Rev. Stat.
1981, ch. 48, par. 138.7) for herself and her adult son. The Industrial
Commission awarded benefits. The circuit court set aside the award,
and this appeal followed. The petitioner argues in the instant appeal
that the decedent's accidental death arose out of and in the course of

the decedent's employment with the respondent, Stevenson Olds Sales and Service. We reverse and reinstate the award.

The underlying facts are virtually undisputed. For approximately 27 years, the decedent worked for the respondent automobile dealership in Ottawa. At the time of his death, he received a weekly salary as the respondent's service manager. The respondent supplied the decedent, as it supplied several other employees, with an automobile for performing company business and for personal use. On December 10, 1980, at approximately 5:30 p.m., the decedent was killed in a collision with a truck while he was driving a company car from work at the respondent's Ottawa business place to the decedent's residence in Marseilles.

The company cars which the respondent supplied for the decedent's use were generally newer cars. They bore dealer plates and a small sticker with the respondent's name on the rear. They were owned and maintained by the respondent. The decedent occasionally used a company car for company business. The decedent would, on occasion, pick up a customer's car and leave the company car on loan to the customer. That service might be in response to a call from a customer to the decedent's home. Additionally, the decedent would sometimes use a company car to drive to a service call from his Ottawa work site or from his Marseilles home. The decedent would also sometimes road-test company cars. Occasionally, the decedent referred automobile sales opportunities to the respondent.

The arbitrator found that it was to the respondent's benefit that the decedent had a car at home for publicity purposes, for loans to customers, or if the decedent were called at home for an emergency. The arbitrator awarded compensation to the petitioner but denied compensation to the decedent's and petitioner's adult son.

On review, the Commission found that the decedent's use of the respondent's company car benefited the respondent as it assisted the decedent's job performance, aided the respondent's customer relations, and offered community promotion of the respondent's business. Further, the Commission found that the decedent's accidental death was compensable under the Act as it arose out of and in the course of the decedent's employment. Additionally, the Commission found the decedent's son to be handicapped, and modified the arbitrator's decision, awarding benefits to that son.

On *certiorari*, the circuit court found that the decedent's death did not occur in the course of his employment. Accordingly, the circuit court set aside the Commission's award of benefits, as aforesaid.

The petitioner argues that whether the decedent's accidental

death arose out of and in the course of his employment was a fact determination resolved by the Commission for which support can be found in the evidence, and that the circuit court improperly set aside the award because it did not find the Commission's decision to be against the manifest weight of evidence. The petitioner asserts that the decedent drove his company car home for the benefit and accommodation of the respondent and that by supplying the decedent a company car used to perform beneficial services for the respondent the respondent expanded both the range of the decedent's employment and the attendant risks.

The respondent asserts that the circuit court was presented with a question of law and correctly concluded that the decedent's injury neither arose out of nor occurred in the course of the decedent's employment. It raises no question as to the adult son's qualification for compensation.

■ Generally, an employee's injury sustained in transit between the employee's home and place of employment does not arise out of and in the course of employment and, therefore, is not covered under the Act. (*Sjostrom v. Sproule* (1965), 33 Ill. 2d 40, 210 N.E.2d 209.) However, exceptions to that rule include where the employee is injured while he is away from his job premises but acting for the benefit or accommodation of his employer (*International Art Studios v. Industrial Com.* (1980), 83 Ill. 2d 457, 415 N.E.2d 1031), and where the employer expands the range of the employee's employment by providing transportation to be used for the employer's benefit. See *Hindle v. Dillbeck* (1977), 68 Ill. 2d 309, 370 N.E.2d 165; *Sjostrom v. Sproule* (1964), 49 Ill. App. 2d 451, 200 N.E.2d 19, *aff'd* (1965), 33 Ill. 2d 40, 210 N.E.2d 209.

We agree with the respondent that where the essential facts are undisputed, whether an injury arose out of and in the course of employment presents a question of law. (*Osborn v. Industrial Com.* (1971), 50 Ill. 2d 150, 277 N.E.2d 833.) However, this case presented some factual questions for the Commission. Most significantly, it was within the province of the Commission to determine whether the decedent's driving his company car home inured to the respondent's benefit. The Commission decided that question in the affirmative. If that factual finding were supported by the evidence, it would be binding upon reviewing courts. *Newgard v. Industrial Com.* (1974), 58 Ill. 2d 164, 317 N.E.2d 524.

The Commission was presented with evidence that under the respondent's automobile arrangement with the decedent, the respondent benefited by the decedent's displaying the respondent's automobile.

Perhaps more significantly, the Commission also received evidence that the respondent benefited through the customer service provided by the decedent's use of the company car both from the decedent's work place and from the decedent's home. This is not a case where the injury occurred during a purely personal use of the automobile, occurring, for example, after the decedent had driven the automobile home for an evening or weekend. Neither is this a case where compensability was asserted merely because of the injury occurred while the injured was in a company car. Rather, the injury here occurred as the decedent transported the company car between the two bases from which the record shows he was most likely to use it for the respondent's customer service.

■ We find ample evidence to support the Commission's apparent finding that the respondent benefited from the decedent's driving a company car between his residence and his workplace. Given the conclusiveness of the Commission's findings of fact, we find that the circuit court erroneously determined that the decedent's injury was not compensable. Rather, we find that the decedent's injury arose out of and in the course of the decedent's employment, and thus was compensable, as it occurred while the decedent was acting for the respondent's benefit, using transportation which expanded the range of the decedent's employment.

Accordingly, the judgment of the circuit court of La Salle County is reversed and the award of the Commission is reinstated.

Judgment reversed and award reinstated.

McNAMARA and KASSERMAN, JJ., concur.

PRESIDING JUSTICE WEBBER, dissenting:

I respectfully dissent from the holding of the majority and would affirm the circuit court.

At root, the majority decision is based on the rationale of *Hindle* and *Sjostrom* that the employer has expanded the range of employment by providing transportation to be used for the employer's benefit. The significant difference between those authorities and the instant case is that in those cases the trip was being made to the assigned jobsite on account of the exigencies of the employment and that the employer exercised control over the means of transportation. In the instant case, the accident arose from the decedent's personal decision as to the place where he would live.

The evidence of benefit to the employer in our case is too slim

upon which to predicate an award. The testimony showed that on "rare" occasions the decedent would make calls on behalf of Stevenson, perhaps 10 times in six months.

Respondent did not exercise control over the dealer car furnished to decedent; the car was available to decedent for any purpose and was provided as a "fringe benefit" of his employment. Notably, there was no evidence that decedent was planning to use the dealer car for business purposes in between the time he arrived home from work on December 10, 1980, and his return to work the next morning. It is clear that the mere fact that an accident occurs in a car supplied by the employer does not make resulting injuries compensable where the car was not under the control of the employer and the employee was not directed to make the trip at issue by the employer. (See *Gmelich v. Industrial Com.* (1980), 81 Ill. 2d 44, 405 N.E.2d 786.) A contrary rule would expand coverage under the Workers' Compensation Act far beyond its intended scope.

This case presents at most the question of a "dual-purpose trip," as was involved in *Gmelich.* The rule regarding such trips was first enunciated by Mr. Chief Justice Cardozo in *Marks' Dependents v. Gray* (1929), 251 N.Y. 90, 93-94, 167 N.E. 181, 183, as follows:

> "When a trip serves both business and personal purposes, it is a personal trip if the trip would have been made in spite of the failure or absence of the business purpose and would have been dropped in the event of failure of the private purpose, though the business errand remained undone; it is a business trip if a trip of this kind would have been made in spite of the failure or absence of the private purpose, because the service to be performed for the employer would have caused the journey to be made by someone even if it had not coincided with the employee's personal journey." See also 1 Larson, Workmen's Compensation sec. 18.20 (1985).

In *Gmelich,* the court held that the death of a car salesman which occurred while returning from a personal trip in a dealer car was not compensable. The court found that although the salesman had undertaken selling efforts during the trip, such efforts were incidental to the primarily personal nature of the trip.

In the instant case, even assuming that respondent's business interests were furthered by having decedent keep the dealer car at his home in between working hours, it is obvious that the trip home would have been made in the absence of any business motives, and that the trip was primarily personal. Moreover, the risks associated with decedent's trip home were not inherent in, or incidental to, his

duties as service manager; rather, the hazard was one which is common to the public in general.

One has great sympathy for the survivors and would wish that the tragic accident had not occurred, but the legal fact remains in my opinion that it did not occur in the course of decedent's employment and therefore was not compensable.

JUSTICE LINDBERG, specially concurring:

I would only emphasize the distinction between this case and those cited in the principal opinion that held injuries suffered in transit to and from work are not compensable. In this case, the evidence established the need for petitioner to drive the company car home so as to have it available for providing direct service to company customers.