JAMES G. HOOD, Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (Hood Construction Company, Appellee).

Fifth District (Industrial Commission Division)   No. 5—86—0162WC

Opinion filed March 16, 1987.—Rehearing denied July 29, 1987.

Edward J. Kionka, of Murphysboro, and Jerald J. Bonifield, of Belleville, for appellant.

James A. Thoenen, of Evans & Dixon, of St. Louis, Missouri, for appellee.

JUSTICE BARRY delivered the opinion of the court:

The petitioner, James G. Hood, filed a claim under the Workers' Compensation Act (the Act) (Ill. Rev. Stat. 1981, ch. 48, par. 138.1 *et*

*seq.*) for injury he sustained while employed by the respondent, Hood Construction Company (the company). The arbitrator awarded the petitioner 55²/7 weeks of temporary total disability. In reversing the decision of the arbitrator, the Commission found that the petitioner failed to prove that he sustained compensable accidental injuries on December 27, 1982. The circuit court of Randolph County confirmed the decision of the Commission. The petitioner brings the instant appeal.

The evidence at the arbitration hearing established the following. Ralph Hood, the petitioner's father, owned the company, which was located in rural Sparta. The company employed the petitioner to manage employees, pick up supplies, and run errands. The company furnished a 1982 Camaro (the vehicle) and paid for its gas and insurance. When the petitioner traveled in the vehicle, he was allowed to transport passengers but not to alter his route to pick them up. He recorded his destinations on his time card and was paid his customary hourly rate for his travel time.

The company also owned a racing airplane which Ralph and the petitioner had been constructing for more than two years. Both the company and Hood Lumber Company bought the plane's parts and supplies. Hood anticipated that the completed airplane would advertise the company.

The weekend prior to December 27, 1982, Ralph instructed the petitioner to fill nitrous oxide tanks when he next went to St. Louis, so they could install a gas turbocharger in the airplane. On December 27, the petitioner checked the supply of step ties and worked on a roof until approximately 10 a.m., when he went to Quality Auto, a body shop in Red Bud, to obtain a repair estimate for the vehicle as Hood had requested. Fred Wood, the body shop owner, examined the vehicle but asked the petitioner to return later for a written estimate.

At approximately 1 p.m. the petitioner met his friend, Christine Sinn, in Marissa. They picked up Michael Schoenbeck and Anthony Shirk, two additional friends. All three passengers thought they were riding to Belleville. Instead, they proceeded directly to Midwest Four Wheel Drive in St. Louis, where the petitioner purchased the nitrous oxide and the passengers either waited in the vehicle or viewed "Bigfoot," a large truck. To accommodate Christine, the petitioner next drove to Fast Ed's, a music store, to pick up Christine's snare drum. As it was beyond lunch time, the parties made a brief stop at a nearby McDonald's, and then drove back toward Red Bud to obtain the repair estimate. From St. Louis the claimant traveled Route 3, the route which would take him to Red Bud, Marissa, or Sparta.

While proceeding south on Route 3 at 4:43 p.m., the vehicle struck an automobile in the northbound lane.

Three months later the petitioner resumed consciousness. In January of 1985, he was confined to a wheelchair and was paralyzed on one side.

Arbitrator Clyde Boyd found that the petitioner's December 27, 1982, accidental injuries arose out of and in the course and scope of his employment with the company. The arbitrator found the following. On December 27, the petitioner was instructed to secure an estimate for the damaged vehicle which the company provided for the petitioner's business and personal use. He had previously been asked to refill the nitrous oxide containers for the company aircraft. After leaving a company jobsite, the petitioner drove to a repair shop to obtain the estimate. The petitioner then purchased the nitrous oxide and en route to obtain the written estimate stopped to pick up a passenger's drum. The arbitrator awarded the petitioner 55²/₇ weeks of temporary total disability for the petitioner's condition, which had not reached a permanent state.

No evidence was presented on review. In reversing the decision of the arbitrator, the Commission denied the petitioner's claim for failure to prove compensable accidental injuries on December 27, 1982. The circuit court of Randolph County confirmed the decision of the Commission. The petitioner appeals from that decision.

The petitioner argues that as a matter of law, the accident occurred in the course of his employment. The petitioner suggests that the undisputed facts indicate that his St. Louis trip to perform company errands was within the scope of his employment; his insignificant deviations were foreseeable; and, when the accident occurred, he was returning via a direct route to pick up the company's repair estimate.

The company responds that the Commission appropriately found that the petitioner's injury did not arise out of and in the course of his employment for the following reasons. Rather than performing an urgent company errand, the petitioner purchased nitrous oxide for the family airplane to camouflage the substantial employment deviation that occurred when he took his friends to view "Bigfoot" and to retrieve a drum at Fast Ed's. The presumption that the trip had a legitimate business purpose does not dispel the consequences of his substantial, unreasonable detour to Fast Ed's and McDonald's before traveling a different route to pick up the written estimate. Consequently, the petitioner never returned to his employment.

We find that the essential facts were undisputed. Whether

the petitioner's injury arose out of and in the course of his employment, therefore, presents a question of law. (*Stevenson Olds Sales & Service v. Industrial Com.* (1986), 140 Ill. App. 3d 703, 489 N.E.2d 328.) Further, if an employee's injury occurred while he was using employer-provided transportation which expanded his range of employment for the employer's benefit, his injury may be compensable. (140 Ill. App. 3d 703, 489 N.E.2d 328.) Compensable injuries also include those arising out of acts the employer either instructed the employee to perform or which are incident to the assigned duties reasonably expected to be performed by him. *Hoffman v. Industrial Com.* (1984), 128 Ill. App. 3d 290, 470 N.E.2d 507.

It is undisputed that the company provided the vehicle and routinely paid the petitioner to travel his chosen routes to company destinations. The company bore the expenses of and allowed the petitioner to transport passengers on those trips. Hood and the petitioner had been building the company airplane for several years and next planned to install a gas turbocharger with a nitrous oxide component. The completed airplane would advertise the company.

Further, the record shows that prior to December 27, 1982, Hood instructed the petitioner to fill the nitrous oxide tanks on his next trip to St. Louis. The petitioner's December 27 workday began with a company job. Due to the inclement weather, he was told to obtain a repair estimate for the vehicle. The petitioner went to Quality Auto in Red Bud to obtain the estimate. After Wood inspected the vehicle's damage, he asked the petitioner to return later for the written estimate. The petitioner decided to use the time available to travel to St. Louis to fill the nitrous oxide tanks which were in the vehicle. Instead of driving directly to St. Louis, the petitioner slightly deviated to pick up three friends. Contrary to their belief that they were going to Belleville, the petitioner proceeded to purchase the nitrous oxide while his friends viewed "Bigfoot." To accommodate his passenger, the parties briefly stopped at Fast Ed's music store and then quickly stopped for lunch at a nearby McDonald's. The petitioner then took Route 3, a direct route toward Red Bud, Marissa, and Sparta, his business home, to pick up the repair estimate.

■ We find that the petitioner was engaged in business travel at the time of the accident. His prior limited deviations from his assigned duties were inconsequential, reasonable, and foreseeable, as the company rules prohibited the petitioner from neither transporting passengers nor choosing his own route. We further find that the petitioner's injury arose out of and in the course of his employment. The decision of the Industrial Commission is, therefore, contrary to the

manifest weight of the evidence. (See *Robinson v. Industrial Com.* (1983), 96 Ill. 2d 87, 449 N.E.2d 106.) Consequently, the judgment of the circuit court of Randolph County is reversed and the cause is remanded to the Industrial Commission with directions to award workers' compensation in the appropriate amount.

Reversed and remanded, with directions.

McNAMARA, WOODWARD, McCULLOUGH, and KASSERMAN, JJ., concur.