Kerri W. SNODGRASS and Stacey L.
Becker, Plaintiffs,

v.

Thomas F. JONES, Defendant.

No. 90–3144.

United States District Court,
C.D. Illinois,
Springfield Division.

Feb. 6, 1991.

Robert Barewin, Springfield, Ill., for plaintiffs.

James A. Lewis, Asst. U.S. Atty., Gregory Harris, Springfield, Ill., Andrea W. McCarthy, Trial Atty., Torts Branch, U.S. Dept. of Justice, Washington, D.C., for defendants.

## OPINION

RICHARD MILLS, District Judge:

Thomas F. Jones was the Special Agent in Charge (SAC) of the Springfield, Illinois, office of the Federal Bureau of Investigation (FBI) on October 17, 1986. Shortly after 1:00 a.m., on Interstate 55 just south of Springfield, Jones struck an automobile driven by Kerri W. Snodgrass in which Stacey L. Becker was a passenger.

Based upon the police reports, interrogatories, and statements by both Plaintiffs and Defendant, the events leading up to and following this collision are as follows.

### I. Facts

On the evening of October 16, 1986, Jones left work at the FBI office in Springfield driving a Government-owned automobile. As the SAC, Jones was issued a radio-equipped vehicle for his use because he was "on-call" 24 hours a day and often would proceed directly from his home or other location to the office or crime scene in the course of his duties. After leaving the office, Jones stopped for dinner then proceeded to a Bar and Grill in downtown Springfield called "Play it Again Sam." Five hours later, at approximately 1:00 a.m., Jones left the bar and proceeded to drive south out on Interstate 55.

Slightly north of the Toronto Road exit located at mile marker 91, Jones' vehicle collided with the rear-end of the vehicle occupied by Snodgrass and Becker. Both vehicles pulled off the Interstate at an exit and stopped. The Plaintiffs copied the license number of Jones' vehicle as Defendant was getting out of his car. Jones then began walking toward Plaintiffs' car and reached inside his suit jacket. Plaintiffs, fearing that Jones was reaching for a gun, left the scene and proceeded directly to the Illinois State Police District 09 Headquarters nearby, arriving at 1:18 a.m.

At approximately 4:00 a.m. Trooper Kraft located a vehicle bearing the license number provided by Plaintiffs. The officer observed that the vehicle had front-end damage. Trooper Tarkington then located Jones who initially denied having been in an accident. However, when confronted with the damage to his car, Jones recanted and stated that he remembered hitting another vehicle on Interstate 55.

### II. Procedure

Thereafter, Plaintiffs filed an action against Jones on April 28, 1987, in Sangamon County Circuit Court for injuries and damages they sustained as a result of the collision. Jones sought to remove the action to this Court pursuant to the Federal Drivers Act, 28 U.S.C. § 2679(b)–(e), which was part of the Federal Tort Claims Act, *id.* § 2671 *et seq.*

On July 13, 1988, this Court held that Jones was not acting within the scope of his employment at the time of the accident and remanded the case to state court pursuant to 28 U.S.C. § 1447(c). Jones' motion for reconsideration was subsequently denied on the basis of lack of jurisdiction. *See New Orleans Public Serv., Inc. v. Majoue,* 802 F.2d 166, 167 (5th Cir.1986).[1]

Four months after we remanded this case to state court, Congress amended the Federal Tort Claims Act and vested authority for determining whether an employee was acting within the scope of his office or employment solely with the Attorney General.[2] Jones' request to the Attorney General for certification pursuant to

---

1. Subsequent to our remand, Jones tendered the defense of this action to his private insurance carrier which denied coverage because the car Jones was driving failed to qualify as a "non-owned automobile" under his policy due to its availability for his regular and frequent use and

Jones' failure to promptly notify the company of the accident and ensuing lawsuit.

2. Pub.L. 100–694, §§ 5, 6, 102 Stat. 4564, (effective November 18, 1988).

§ 2679(d)(2)[3] was denied. Upon denial of his request by the Attorney General Jones filed a petition with the state court pursuant to § 2679(d)(3) seeking certification that he was acting within the scope of his employment at the time of the accident. The Attorney General has now removed Jones' petition to this Court pursuant to § 2679(d)(3).[4]

### III. Law

■ Jones' first argument in his petition for certification is that this Court lacked authority to consider the question of whether he acted within the scope of his employment after the Attorney General removed this suit and certified that he was within the scope of his employment. This argument is completely meritless. The present version of § 2679 was not signed into law until November, 1988, four months *after* this case was remanded. The prior version of § 2679, known as the Driver's Act, explicitly required remand whenever a court found that an individual had acted outside the scope of his employment.[5]

In our prior order remanding this case to the state court, we held that Jones was acting outside the scope of his employment at the time of the accident and could not shield "himself behind the United States Government for actions occurring in his personal life...." Jones now wishes to reargue this question in the hope that he will obtain a different result. Thus, we must first determine whether we are bound by the doctrine of the law of the case from reexamining this question.

■ The law of the case doctrine is a "rule of practice, based on sound policy that, when an issue is once litigated and decided, that should be the end of the matter." *Evans v. Chicago*, 873 F.2d 1007, 1014 (7th Cir.1989) (citing *United States v. United States Smelting, Refining & Mining Co.*, 339 U.S. 186, 198, 70 S.Ct. 537, 544, 94 L.Ed. 750 (1950)), *cert. denied,* —— U.S. ——, 110 S.Ct. 2560, 109 L.Ed.2d 742 (1990). Thus, this doctrine is a prudential one and does not limit the Court's *power* to reconsider earlier rulings in a case. 1B Moore's Federal Practice ¶ 0.404[4.–1], at 126 (1988). Therefore, we clearly have the power to reconsider our prior ruling if we determine that it was erroneous.

■ In Illinois "[n]o precise definition has been accorded the term 'scope of employment,' but broad criteria have been enunciated:"

> (1) Conduct of a servant is within the scope of employment if, but only if:
>> (a) it is of the kind he is employed to perform;
>> (b) it occurs substantially within the authorized time and space limits; [and]
>> (c) it is actuated, at least in part, by a purpose to serve the master, ...
>
>    *      *      *      *      *      *
>
> (2) Conduct of a servant is not within the scope of employment if it is different in kind from that authorized, far beyond the authorized time or space limits, or too little actuated by a purpose to serve the master.

*Pyne v. Witmer*, 129 Ill.2d 351, 135 Ill.Dec. 557, 561, 543 N.E.2d 1304, 1308 (1989) (quoting Restatement (Second) of Agency § 228 (1958)). The burden is on the party seeking to establish scope of employment to show the "contemporaneous relationship

---

**3.** This section provides in relevant part:

Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States for the district and division embracing the place in which the action or proceeding is pending.... This certification of the Attorney General shall conclusively establish scope of office or employment for purposes of removal.

28 U.S.C. § 2679(d)(2).

**4.** Following removal of his petition to this Court, Jones filed a request for hearing on his petition. The facts surrounding the event in question are undisputed and the parties have adequately presented their arguments in their written briefs. No purpose would be served by a hearing and thus Jones' request will be denied.

**5.** "Should a United States district court determine that the case so removed is one in which a remedy by suit within the meaning of subsection (b) of this section is not available against the United States, the case shall be remanded to the State court." 28 U.S.C. § 2679(d) (1965).

between tortious act and scope of employment." *Id.* 135 Ill.Dec. at 562, 543 N.E.2d at 1309. When the facts are not in dispute the issue of whether an employee's deviation exceeded his scope of employment is a question of law for the court. *Id.*

Illinois recognizes the distinction between *frolic* (pursuit of an employee's personal business unrelated to employment) and *detour* (an employee's deviation for personal reasons that is nonetheless seen as sufficiently related to employment). *Id.* Our prior order remanding this case to state court held that at the time of the accident Jones was engaged in a frolic of his own.

In support of his petition for certification, Jones cites two cases for the general rule that

> an employee's activities are within the scope of employment if, while traveling to or from work outside actual working hours, the employee is using employer-provided transportation which expanded his range of employment for the employer's benefit.

*See Hood v. Industrial Comm'n,* 158 Ill. App.3d 81, 109 Ill.Dec. 840, 510 N.E.2d 908 (5th Dist.1987); *Stevenson Olds Sales v. Industrial Comm'n,* 140 Ill.App.3d 703, 95 Ill.Dec. 107, 489 N.E.2d 328 (3d Dist.1986). To bring himself within this rule, Jones argues that he was a government employee, driving a government-owned vehicle which he had been authorized to use to maintain an emergency response capability, and at the time of the accident he was headed home along his usual route.

In *Hood,* the petitioner was employed by his father's company in rural Sparta, Illinois, to manage employees, pick up supplies, and run errands. The company furnished a 1982 Camaro for petitioner's use and paid for its fuel and insurance as well as an hourly rate for petitioner's travel time. On the weekend prior to December 27, 1982, petitioner was instructed to fill nitrous oxide tanks on his next trip to St. Louis.

On the morning of December 27, petitioner took the Camaro to a body shop in Red Bud to obtain a repair estimate and was told to return later for a written estimate.

Petitioner then picked up three friends (as he was authorized to do), drove to St. Louis to fill the nitrous oxide tanks, stopped at a music store and a McDonald's for lunch, then headed back to Red Bud to obtain the written estimate. On his way back, petitioner was involved in an automobile accident and injured.

The *Hood* court, after citing *Stevenson* for the rule quoted above, held that petitioner was on company business at the time of his accident, that his minor deviations were inconsequential, reasonable and foreseeable, and that he was acting within the scope of his employment at the time of his accident. *Hood,* 158 Ill.App.3d at 84, 109 Ill.Dec. 840, 510 N.E.2d 908. The facts of *Hood* are readily distinguishable from those *sub judice.*

In *Stevenson,* petitioner's decedent worked as the service manager for an automobile dealership for 27 years. The dealership provided decedent, as it did several other employees, with an automobile for business and personal use. Decedent occasionally loaned his assigned car to customers while their automobiles were being repaired. On his way home from work one evening while driving his assigned car decedent was killed in an automobile accident.

The *Stevenson* majority held that decedent was within the scope of his employment at the time of the accident because the company benefited from decedent's driving a company car between his residence and workplace. As support for the rule quoted above, the court cited *Hindle v. Dillbeck,* 68 Ill.2d 309, 12 Ill.Dec. 542, 370 N.E.2d 165 (1977); and *Sjostrom v. Sproule,* 49 Ill.App.2d 451, 200 N.E.2d 19 (1964), *aff'd,* 33 Ill.2d 40, 210 N.E.2d 209 (1965).

In dissent, Presiding Justice Webber reasoned that *Hindle* and *Sjostrom* did not support the rule followed by the majority because in both those cases "the trip was being made to the assigned jobsite on account of the exigencies of the employment and the employer exercised control over the means of transportation." *Stevenson,* 140 Ill.App.3d at 706, 95 Ill.Dec. 107, 489 N.E.2d 328 (Webber, P.J., dissenting). This Court agrees with Justice Webber's

dissenting opinion and adopts his reasoning. Hence, *Stevenson*, the only case which arguably supports Jones' argument in this case, relied upon two decisions which do not support its holding.

As this Court recognized in its prior order remanding this case to state court, Jones seems to be arguing that because he drives a radio-equipped automobile owned by the Government and is susceptible to being called in 24 hours a day, "any time he goes anywhere, for any purpose, he can claim that he is acting within the scope of his employment." Clearly this interpretation would be stretching the meaning of the doctrine too far. Thus, we must reaffirm our prior ruling and conclude that Jones was engaged in a *frolic* of his own and was therefore outside the scope of his office or employment.

Following our prior ruling Jones moved for reconsideration, arguing that we did not address the question of whether, conceding that he was on a frolic, he had returned to the scope of his employment at the time of the accident. We declined to address this argument because we no longer had jurisdiction over the case following our remand to state court. Jones has once again raised this question which we can now address on the merits.

■ The test for determining whether an employee who has engaged in a frolic has reentered his scope of employment is two-pronged: first, the employee must have formulated an intent to act in furtherance of his employer's business; second, the intent must be coupled with a reasonable connection in time and space with the work in which he should be engaged. *Prince v. Atchison, Topeka & Santa Fe Railway*, 76 Ill.App.3d 898, 903, 32 Ill.Dec. 362, 366, 395 N.E.2d 592, 596 (1979); *Boehmer v. Norton*, 328 Ill.App. 17, 65 N.E.2d 212 (1946); Restatement (Second) of Agency § 237 (1958).

■ The only arguable "fact" evidencing a return to the scope of his employment is that Jones was driving home along his usual route after spending five hours at the bar. This "fact" meets neither prong of the two-part test. Had Jones received a call while at the bar directing him to return

to the office or a crime scene then it could be said that he intended to act as an FBI agent and that his intent was reasonably connected in time and space to his work. However, all that happened here was that Jones left the bar and started to drive home with neither an intent to act as an FBI agent nor any reasonable connection with his position as the Special Agent in Charge.

### IV. Conclusion

In light of the above analysis we must conclude that at the time of the accident, Jones was not acting within the scope of his employment.

IT IS THEREFORE ORDERED THAT: Petitioner's petition to find and certify that he was acting within the scope of his office or employment pursuant to 28 U.S.C. § 2679(d)(3) is DENIED. Petitioner's motion for a hearing is likewise DENIED. Pursuant to this section, this action is hereby REMANDED to state court.

Case CLOSED.